■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY CHICCO, Appellant. [796 NYS2d 358]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered July 25, 2003, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees and reckless endangerment in the first degree, and sentencing him to concurrent terms of 10 years, seven years and 2$^{1}$/3 to 7 years, respectively, unanimously affirmed.

The court properly granted the People's *Batson* application (*Batson v Kentucky*, 476 US 79 [1986]; *People v Kern*, 75 NY2d 638 [1990], *cert denied* 498 US 824 [1990]). The record supports the court's finding of pretext, which is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352, 356-357 [1991]). The court was not required to have the

People respond to defense counsel's explanation for the challenge of the juror in question before making its ruling that the explanation was pretextual (*People v Payne*, 88 NY2d 172, 184 [1996]; *People v Ciauri*, 266 AD2d 164 [1999], *affd sub nom. People v Besser*, 96 NY2d 136 [2001]). There is no basis for disturbing the court's finding that counsel's unexplained and unsupported generalization was a pretext for racial discrimination.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Andrias, Marlow, Sullivan and Catterson, JJ.