■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONZIR ZOHRI, Appellant. [918 NYS2d 109]—

On May 26, 2007, at 11:30 A.M., someone came up behind the 57-year-old victim and placed his arm around her neck in a choke hold. The victim tried but was unable to grab the perpetrator's arm, because she had a cast and sling on her own arm. The perpetrator ripped off the victim's chain and pendant. After the attack, the victim was able to turn and look at the perpetrator's face for about three to five seconds. The victim described him as black, at least six feet tall, and appearing to be between 25 and 35 years old. He also had a shaved head, was "nice looking" and "clean cut." He was wearing a long sleeved, very dark green "knitted-type of shirt." Initially, the victim stood at the corner "in a daze," but then she became angry and followed the perpetrator for 15 minutes for several blocks, keeping him almost continuously in view from across the street. She observed him showing what she believed was her chain to two men. She continued to follow him, losing sight of him only when he entered a phone store. However, she saw him exit very soon thereafter. He passed just inches away from her while she hid her face to avoid recognition. Within seconds of this encounter, the police arrived. After driving just two blocks with them, the victim pointed out defendant, whereupon the police stopped him and eventually arrested him. The gold necklace was never found.

The court properly exercised its discretion when it denied de-

fendant's application to present expert testimony on eyewitness identification. "[E]xpert testimony proffered on the issue of the reliability of eyewitness identification is not admissible per se; rather, the decision whether to admit it rests in the sound discretion of the trial court, which should be guided by whether the proffered expert testimony would aid a lay jury in reaching a verdict" (*People v Abney*, 13 NY3d 251, 266 [2009] [citations and internal quotation marks omitted]). "[W]here the case turns on the accuracy of eyewitness identifications and there is little or no corroborating evidence connecting the defendant to the crime, it is an abuse of discretion for a trial court to exclude expert testimony on the reliability of eyewitness identifications" (*People v LeGrand*, 8 NY3d 449, 452 [2007]).

Here, the victim followed defendant for about 15 minutes after the crime, watching him from across a street as he made what appeared to be efforts to sell the gold chain he had just stolen from her. When the police arrived, she gave them a detailed and fairly accurate description of defendant, including his clothing and shaved head. She then rode with the officers for two blocks and pointed out defendant. Between the crime and defendant's apprehension, the victim continuously kept defendant in sight, except for very brief periods under circumstances that would render mistaken identity highly unlikely.

Given the circumstances under which defendant was observed and apprehended, expert testimony on identification would have been of little or no value to the jury (*see People v Austin*, 46 AD3d 195, 200-201 [2007], *lv denied* 9 NY3d 1031 [2008]). We need not decide whether factors that strongly enhance the reliability of an identification may obviate the need for expert testimony, because here there was "significant corroborating evidence," other than the victim's identification itself, that connected defendant with the crime (*see People v Chisolm*, 57 AD3d 223, 223-224 [2008], *lv denied* 12 NY3d 782 [2009]; *People v Austin*, 46 AD3d at 200-201). Police testimony placed defendant very close to the scene of the crime within 15 minutes after it occurred, and established that he resembled the perpetrator the victim described, both in his clothing and in his physical appearance.

Although it was not required to give an expanded charge on eyewitness identification (*see People v Knight*, 87 NY2d 873 [1995]; *People v Whalen*, 59 NY2d 273, 279 [1983]), the court gave a thorough charge on that subject, and it was not required to add language requested by defendant regarding the lack of correlation between accuracy and confidence. Concur—Tom, J.P., Saxe, Moskowitz, DeGrasse and Abdus-Salaam, JJ.