Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered October 22, 2010, convicting defendant, after a jury trial, of attempted robbery in the first and second degrees, and sentencing him to an aggregate term of five years, unanimously affirmed.
The court properly exercised its discretion when it denied defendant’s application to present expert testimony on eyewitness identification. The victim’s identification of defendant was both highly reliable and corroborated by strong circumstantial evidence that did not depend on the accuracy of the identification.
In addition to evidence that the police arrested defendant within a few blocks of the scene of the crime within minutes after the crime occurred, that defendant was the only person in the area, and that defendant matched the victim’s description of the perpetrator, the evidence showed that the victim followed defendant and had him under observation for the entire period between the crime and the arrest, except for very brief intervals. Given the circumstances under which defendant was observed and apprehended, expert testimony on identification would have been of little or no value to the jury (see People v Zohri, 82 AD3d 493 [1st Dept 2011], lv denied 16 NY3d 901 [2011]). These circumstances were independent of the victim’s identification itself, and they constituted “significant corroborating evidence” (id. at 494). The victim had ample opportunity to observe defendant, and his accurate description of defendant’s unusual hairstyle far outweighed any alleged deficiencies in the description.
Defendant did not preserve his particular challenges to the procedures by which the court disposed of the reverse Batson application (see People u Richardson, 100 NY2d 847, 853 [2003]; People v Smocum, 99 NY2d 418, 423-424 [2003]), and we decline to review them in the interest of justice. As an alternative hold *517 ing, we also reject them on the merits (see People v Payne, 88 NY2d 172, 184 [1996]). The record supports the court’s express and implied findings (see Payne, 88 NY2d at 185) that the race-neutral reasons provided by defense counsel for the peremptory challenge at issue were pretextual. The court’s reasoning is supported by the record, which shows that other people who were victims of violent crime were seated and selected as alternates. These findings, based primarily on the court’s assessment of counsel’s credibility, are entitled to great deference (see Snyder v Louisiana, 552 US 472, 477 [2008]; People v Hernandez, 75 NY2d 350, 356 [1990], affd 500 US 352 [1991]; People v Chicco, 19 AD3d 199, 199 [1st Dept 2005]). Concur — Andrias, J.E, Friedman, Richter, Manzanet-Daniels and Feinman, JJ.