People v Williams (2019 NY Slip Op 04039)





People v Williams


2019 NY Slip Op 04039


Decided on May 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2019

Renwick, J.P., Manzanet-Daniels, Kahn, Kern, Moulton, JJ.


9400 55/16

[*1]The People of the State of New York, Respondent,
v
Zachary Williams, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Siobhan C. Atkins of counsel), and Arnold & Porter Kaye Scholer LLP, New York (Mark Osmond of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Ellen Stanfield Friedman of counsel), for respondent.



Judgment, Supreme Court, New York County (Neil E. Ross, J.), rendered May 15, 2017, convicting defendant, after a jury trial, of criminal mischief in the third degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 343 [2007]). Moreover, we find that the evidence was overwhelming. The victim followed defendant and apprehended him almost immediately after the crime, and as in People v Zohri (82 AD3d 493, 494 [1st Dept 2011], lv denied 16 NY3d 901 [2011]), "the victim continuously kept defendant in sight, except for very brief periods under circumstances that would render mistaken identity highly unlikely."
The court providently exercised its discretion in receiving evidence that, while defendant was being apprehended, he shouted racial epithets at the victim and the men who were assisting the victim. This evidence was relevant to motive and identity (see generally People v Scarola, 71 NY2d 769, 777 [1988]), because there was evidence supporting inferences that the person who damaged the victim's car was aware that it was being driven by an African American, and that the otherwise unexplained attack may have been racially motivated. The probative value of the evidence exceeded its prejudicial effect, which the court minimized by way of careful limiting instructions that the jury is presumed to have followed. In any event, any error was harmless in light the overwhelming evidence of guilt.
The court granted defendant's request for a jury charge on cross-racial identification. Because defendant did not object to specific deficiency in that charge, either before or after it was given, defendant failed to preserve (see People v Whalen, 59 NY2d 273, 280 [1983]) his present argument that the court's instruction did not satisfy the requirements of People v Boone (30 NY3d 521 [2017]). We decline to review it in the interest of justice. As an alternative holding, [*2]we find that any error under Boone (which was decided after defendant's trial) was harmless in light of the overwhelming evidence. There was no reasonable possibility that the victim's identification of defendant after pursuing and apprehending him was the product of any difficulty in making a cross-racial identification.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 23, 2019
CLERK