■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BRIAN K. LOCKWOOD, Respondent. [764 NYS2d 290] —Mercure, J.P. Appeal from an order of the County Court of Cortland County (Ames, J.), entered January 28, 2003, which found that defendant cannot be designated as a sexually violent offender under the Sex Offender Registration Act.

Defendant was convicted upon his plea of guilty of the crime of sexual abuse in the first degree pursuant to Penal Law § 130.65 (3) and received a split sentence of six months' incarceration and 10 years' probation. In accordance with the Sex Offender Registration Act (hereinafter SORA) (*see* Correction Law art 6-c), defendant appeared at a hearing before County Court to determine his risk level and registration requirements. At the hearing, the People maintained that County Court was required, under recent amendments to SORA, to find that defendant is a sexually violent offender, and thus subject to lifetime registration, because he had been convicted of a sexually violent offense (*see* Correction Law § 168-a [3], [7] [b]; § 168-h [2]). County Court rejected this "definitional approach" and, after considering the facts and circumstances of this case, concluded that defendant was not a sexually violent offender. The People appeal.

Pursuant to the 2002 amendments to SORA, County Court was required not only to determine defendant's risk level classification, but also to determine whether defendant is a sexual predator, sexually violent offender or predicate sex offender as those terms are defined by Correction Law § 168-a (7) (*see* Correction Law § 168-d [3], as amended by L 2002, ch 11). While County Court is directed to apply SORA's Risk Assessment Guidelines in making both determinations (*see id.*; Correction Law § 168-*l* [5]), the statutory definition of sexually violent offender, namely, a sex offender convicted of one of several enumerated sexually violent offenses, does not allow for a discretionary determination (*see* Correction Law § 168-a [7] [b]). Here, inasmuch as defendant's conviction for sexual abuse

in the first degree is deemed a "sexually violent offense" for the purposes of SORA (*see* Correction Law § 168-a [3]; Penal Law § 130.65), defendant should have been classified as a sexually violent offender (*see* Correction Law § 168-a [7]).

Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and defendant is classified as a sexually violent offender under the Sex Offender Registration Act.