■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WHIBBY, Appellant. [855 NYS2d 250]—

Appeal by the defendant, as limited by his brief, from so much of an order of the County Court, Dutchess County (Hayes, J.), dated April 10, 2006, as, after a hearing, classified him a sexually violent offender pursuant to Correction Law § 168.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In January 2005 the County Court, the District Attorney of Dutchess County, and the Division of Criminal Justice Services were notified by the Board of Examiners of Sex Offenders that the defendant had been convicted of rape in another jurisdiction, and was now a resident of Dutchess County where he was required to register as a sex offender and be risk assessed. Attached to the notification was a recommendation that the defendant be classified as a sexually violent offender along with a risk assessment instrument (hereinafter RAI) recommending that the defendant be designated a level three sex offender.

Following a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C, hereinafter SORA), the County Court designated the defendant a level two sex offender, which designation is not in dispute. The sole issue raised on appeal by the defendant is whether he was properly classified as a sexually violent offender.

The defendant was convicted of the crime of rape in the Commonwealth of Pennsylvania in 1987, pursuant to Pennsylvania Consolidated Statutes Annotated, title 18, § 3121 (a) (1). The definition of that crime includes all the essential elements of rape in the first degree as defined in New York State Penal Law § 130.35 (1). Since the crime defined in Penal Law § 130.35 (1) is deemed a "sexually violent offense" for purposes of SORA pursuant to Correction Law § 168-a (3) (a), the County Court properly classified the defendant as a sexually violent offender. Rivera, J.P., Santucci, Dickerson and Belen, JJ., concur.