■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR PEREZ, Appellant. [925 NYS2d 501]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J., at suppression hearing; Edward J. McLaughlin, J., at jury trial and sentencing), rendered September 17, 2008, convicting defendant of robbery in the first degree (two counts) and robbery in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 25 years, unanimously affirmed.

The court properly exercised its discretion when it denied defendant's application to present expert testimony on eyewitness identification (see People v Abney, 13 NY3d 251, 266 [2009]). The case did not turn on the accuracy of an eyewitness identification, and there was extensive corroborating evidence (see People v LeGrand, 8 NY3d 449, 452 [2007]). One of the two identifying witnesses was acquainted with defendant. As to this witness, the issue was credibility, not mistaken identity. Furthermore, there was additional corroborating evidence (see People v Zohri, 82 AD3d 493, 494 [2011]).

Defendant was not entitled to have the victim testify at the Wade hearing. The hearing evidence did not raise a substantial issue about the constitutionality of the lineup that could only be resolved by the testimony of the identifying witness (see People v Chipp, 75 NY2d 327, 338 [1990], cert denied 498 US 833 [1990]). Defendant and a detective gave opposing testimony about events leading up to the lineup that were allegedly suggestive. The hearing court credited the detective's version, and we find no basis for disturbing that determination. This was a straightforward credibility issue, and it did not present a gap that only the victim's testimony could fill.

The trial court properly exercised its discretion when it denied, without a hearing, defendant's motion to set aside the verdict on the ground of newly discovered evidence. Defendant presented nothing more than an attorney's affirmation quoting an incredible voice mail message left by a person who never

spoke to the attorney directly and who provided a nonworking phone number as his only contact information. A defendant who moves to set aside a verdict is "not entitled to a hearing based on expressions of hope that a hearing might reveal the essential facts" (*People v Johnson*, 54 AD3d 636, 636 [2008], *lv denied* 11 NY3d 898 [2008]).

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Friedman, Acosta, Renwick and DeGrasse, JJ.