THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE GOLLIVER, Appellant. [948 NYS2d 427]—

Contrary to the defendant's contention, the Supreme Court properly concluded that the Michigan crime of criminal sexual conduct in the second degree (*see* Mich Comp Laws § 750.520c [1] [f]), of which he was previously convicted, includes all the essential elements of the New York crime of sexual abuse in the first degree for the purpose of determining whether the defendant was a sexually violent offender (*see* Correction Law § 168-a [3] [b]; Penal Law § 130.65 [1]; *see also Matter of North v Board of Examiners of Sex Offenders of State of N.Y.*, 8 NY3d 745, 751 [2007]). Since the New York crime of sexual abuse in the first degree, as defined in Penal Law § 130.65 (1), is deemed a "sexually violent offen[se]" for purposes of the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court properly classified the defendant as a level two sexually violent offender (Correction Law § 168-a [3] [a]; *see People v Whibby*, 50 AD3d 873 [2008]).

The defendant's remaining contentions are without merit. Florio, J.P., Balkin, Hall and Miller, JJ., concur.