■ The People of the State of New York, Respondent, v Thomas Poole, Appellant. [963 NYS2d 259]—

Order, Supreme Court, New York County (Arlene D. Goldberg, J.), entered May 24, 2011, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender

Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

A level three adjudication is appropriate. Both the court's upward departure to level three, which formed an alternative basis for the adjudication, and its refusal to grant a downward departure were provident exercises of discretion. "[T]he level suggested by the [risk assessment instrument] is merely presumptive and a SORA court possesses the discretion to impose a lower or higher risk level if it concludes that the factors in the RAI do not result in an appropriate designation" (*People v Mingo*, 12 NY3d 563, 568 n 2 [2009]; *see also People v Johnson*, 11 NY3d 416, 421 [2008]).

The fact that defendant consciously chose a victim who was asleep and thus was particularly vulnerable is a significant aggravating factor. Furthermore, defendant has a serious criminal record, and the fact that he committed sex crimes against children in separate incidents, years apart, suggests a dangerous propensity. The mitigating factors asserted by defendant in support of his request for a downward departure were adequately taken into account by the risk assessment instrument, and were outweighed by the aggravating factors (*see e.g. People v Melendez*, 83 AD3d 448 [1st Dept 2011]). Concur—Andrias, J.P., Saxe, DeGrasse, Richter and Gische, JJ.