Order, Supreme Court, New York County (Gregory Carro, J.), entered on or about January 5, 2010, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly applied the presumptive override for a prior felony sex crime conviction (see People v Judd, 29 AD3d 431 [2006], lv denied 7 NY3d 709 [2006]). Although defendant’s prior conviction of attempted rape in the first degree occurred in 1991, it involved a six-year-old girl. Furthermore, in 2008, defendant committed the underlying sex crime shortly after he had been placed on probation for his conviction of endangering the welfare of a child, based upon his stalking of a 10-year-old girl and his attempt to lure her into his car. Even considering the mitigating factors cited by defendant, including his positive postrelease conduct, these “separate incidents, years apart, suggest ] a dangerous propensity” that supported the court’s determination (People v Poole, 105 AD3d 654, 654 [1st Dept 2013]). Concur — Andrias, J.P., Friedman, Moskowitz, DeGrasse and Feinman, JJ.