■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONSERRATE RODRIGUEZ, Appellant. [997 NYS2d 409]—

Judgment, Supreme Court, Bronx County (Megan Tallmer, J.), rendered May 22, 2012, convicting defendant, upon his plea of guilty, of sexual abuse in the first degree, and sentencing him to a term of two years, unanimously affirmed. Order, same court and Justice, entered on or about February 22, 2013, which adjudicated defendant a level three sexually violent predicate sex offender, pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Regardless of whether defendant validly waived his right to appeal from the judgment, we perceive no basis for reducing the 10-year term of postrelease supervision.

Turning to defendant's civil appeal from the sex offender adjudication, we find that the court properly applied the presumptive override for a prior felony sex crime conviction, and properly exercised its discretion in denying a downward departure (see People v Cintron, 12 NY3d 60, 70 [2009], cert denied 558 US 1011 [2009]). Although the predicate conviction that formed the basis for the override occurred many years ago, defendant's overall background demonstrated a propensity to commit sex crimes against children (see e.g. People v Jamison, 107 AD3d 531 [1st Dept 2013], lv denied 22 NY3d 852 [2013]; People v Poole, 105 AD3d 654 [1st Dept 2013], lv denied 21 NY3d 863 [2013]). We also note that defendant has also been convicted of failing to comply with sex offender registration requirements.

The court properly determined that it lacked discretion to decline to designate defendant a sexually violent offender and predicate sex offender. Because the crime of sexual abuse in the first degree is defined as a sexually violent offense under the Sex Offender Registration Act (Correction Law § 168-a [3] [a] [i]; Penal Law § 130.65), the court lacked discretion to decline to designate defendant a sexually violent offender (see People v Bullock, 122 AD3d —, 2014 NY Slip Op 08265 [2014] [decided simultaneously herewith]; People v Faulkner, 122 AD3d 539 [2014] [decided simultaneously herewith]; People v Golliver, 97 AD3d 734 [2d Dept 2012], lv denied 19 NY3d 813 [2012]; People

*v Williams*, 96 AD3d 421 [1st Dept 2012], *lv denied* 19 NY3d 813 [2012]; *People v Lockwood*, 308 AD2d 640 [3d Dept 2003]). Concur—Tom, J.P., Moskowitz, Manzanet-Daniels, Feinman and Gische, JJ.