■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM FAULKNER, Appellant. [997 NYS2d 410]—

Order, Supreme Court, New York County (Charles H. Solomon, J.), entered on or about February 24, 2012, which adjudicated defendant a level three sexually violent offender and a predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The record supports the court's discretionary upward departure to level three. Clear and convincing evidence established aggravating factors that were not otherwise adequately taken into account by the risk assessment guidelines (*see e.g. People v Larkin*, 66 AD3d 592 [1st Dept 2009], *lv denied* 14 NY3d 704 [2010]). Even though defendant was assessed the maximum available amount of points for his criminal history, this did not reflect the extent of that history. Among other things, at the time of the underlying offense defendant had already been adjudicated a level two offender. Defendant has demonstrated a high risk of sexual recidivism, which outweighs the mitigating factors he cites.

The court properly designated defendant a sexually violent offender and a predicate sex offender, since he was convicted of persistent sexual abuse, an enumerated sexually violent offense (*see* Correction Law § 168-a [3] [a] [ii]; [7] [b], [c]). The court also properly determined that it lacked discretion to do otherwise (*see People v Golliver*, 97 AD3d 734 [2d Dept 2012], *lv denied* 19 NY3d 813 [2012]; *People v Williams*, 96 AD3d 421 [1st Dept 2012], *lv denied* 19 NY3d 813 [2012]; *People v Ayala*, 72 AD3d 1577 [4th Dept 2010], *appeal dismissed and lv denied* 15 NY3d 816 [2010]; *People v Lockwood*, 308 AD2d 640 [3d Dept 2003]; *see also People v Bullock*, 122 AD3d —, 2014 NY Slip Op 08265 [2014]; *People v Rodriguez*, 122 AD3d 538 [2014] [decided herewith]). In any event, the court made an alternative determination that even if it had such discretion, the result would be the same, and we see no reason to disturb that determination. Concur—Friedman, J.P., Sweeny, Andrias, Saxe and Kapnick, JJ.