■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER COLLINS, Appellant. [8 NYS3d 97]—

Order, Supreme Court, New York County (Thomas Farber, J.), entered on or about June 19, 2012, which adjudicated defendant a level three sexually violent offender and predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The court properly assessed 15 points for the risk factor of history of drug or alcohol abuse. Defendant's admission to a history of daily marijuana use, combined with his criminal record including at least seven marijuana-related convictions, along with his history of substance abuse treatment, constituted clear and convincing evidence that he had repeatedly used marijuana in excess (*see People v Palmer*, 20 NY3d 373, 378-379 [2013]).

Although defendant's point score of 90 placed him in the middle of the range for a presumptive level two offender, we find that the court providently exercised its discretion in upwardly departing to level three, based on clear and convincing evidence of aggravating factors not adequately taken into account by the risk assessment instrument. The assessment of the maximum available points for defendant's criminal history was not enough to reflect the extent of that history, because

the underlying crime was defendant's fifth conviction for a sexual offense in 14 years, demonstrating a high risk of sexual recidivism (*see People v Faulkner*, 122 AD3d 539 [1st Dept 2014], *lv denied* 24 NY3d 915 [2015]). Moreover, defendant committed the underlying crime after having already having been adjudicated a level three offender on a prior case (*see id.*).

Defendant's procedural arguments are unavailing, because he has not shown that he was prejudiced by either of the procedural defects he alleges. Concur—Tom, J.P., Friedman, Renwick, Moskowitz and DeGrasse, JJ.