■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE EVANS, Appellant. [8 NYS3d 192]—

Order, Supreme Court, Bronx County (Megan Tallmer, J.), entered on or about May 29, 2013, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously modified, on the law, and as a matter of discretion in the interest of justice, to the extent of reducing the adjudication to that of a level two offender, and otherwise affirmed, without costs.

Clear and convincing evidence established aggravating factors that were not adequately taken into account by the risk assessment instrument (*see e.g. People v Faulkner*, 122 AD3d 539 [1st Dept 2014], *lv denied* 24 NY3d 915 [2015]). The instrument did not sufficiently reflect the unusual repulsiveness of the underlying sex act, or the extent of defendant's criminal history, which includes a pattern of impersonating a police officer in order to sexually assault and rob prostitutes. These considerations indicate a risk of recidivism and severe harm to potential victims, justifying an upward departure from level one to level two. In deciding to adjudicate defendant a level three offender, the court expressly relied on a comment made by defense counsel suggesting that prostitutes are unworthy victims. The court improperly ascribed counsel's personal beliefs to defendant, who never made any such statement. Based on our review of the record, we conclude that an upward departure to level two, but not to level three, is warranted.

Defendant's claim that the court was obligated to rule on a particular point assessment is unpreserved, and is in any event unavailing. The court properly exercised its discretion in declining to rule on a matter it considered academic (*see People v Pedraja*, 49 AD3d 325 [1st Dept 2008], *lv denied* 10 NY3d 711 [2008]). Concur—Acosta, J.P., Saxe, DeGrasse and Richter, JJ.