Judgment, Supreme Court, Bronx County (Megan Tallmer, J.), rendered July 30, 2013, convicting defendant, upon his plea of guilty, of criminal sexual act in the third degree, and sentencing him, as a second violent felony offender, to a term of four years, unanimously modified, on the law, to the extent of vacating the second violent felony offender adjudication and substituting a second felony offender adjudication, and otherwise affirmed. Order, same court (Seth L. Marvin, J.), entered on or about October 9, 2013, which adjudicated defendant a level three predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs. Order, same court (Steven Lloyd Barrett, J.), entered on or about December 5, 2013, which adjudicated defendant a level three sexually violent predicate sex offender pursuant to the same Act, unanimously affirmed, without costs.
Defendant’s oral colloquy with the court, supplemented by a written waiver, establishes that defendant made a valid waiver of his right to appeal from the judgment of conviction (see People v Lopez, 6 NY3d 248, 256 [2006]). Regardless of whether defendant made a valid waiver of his right to appeal from the judgment, we perceive no basis for reducing the sentence. However, as the People concede, defendant should only have been adjudicated a second felony offender, not a second violent felony offender.
Turning to defendant’s civil appeals from his sex offender adjudications, we find no basis for any modifications. With regard to the October 9, 2013 order, defendant is subject to the presumptive override for prior felony sex crime convictions, which results in a level three adjudication independent of any point assessments. In any event, defendant’s challenge to a particular assessment is unavailing, because the assessment was based on reliable information (see e.g. People v Johnson, 77 AD3d 548 [1st Dept 2010], lv denied 16 NY3d 705 [2011]). With regard to the December 5, 2013 order, the record supports the court’s upward departure to level three, based on the extreme seriousness of defendant’s lengthy record of sexual recidivism, a factor not otherwise adequately taken into account by the risk assessment guidelines (see e.g. People v Faulkner, 122 AD3d 539 [1st Dept 2014], lv denied 24 NY3d 915 [2015]). *618 Defendant’s challenge to his predicate sex offender designation is unpreserved and we decline to review it in the interest of justice.
Concur — Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ.