■ The People of the State of New York, Respondent, v Jerome Arps, Appellant. [33 NYS3d 241]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered August 21, 2007, convicting defendant, upon his plea of guilty, of attempted rape in the first degree, and sentencing him, as a second violent felony offender, to a term of eight years, unanimously affirmed. Order, same court (Abraham L. Clott, J.), entered on or about October 30, 2014, which adjudicated defendant a level three sexually violent predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

As to the appeal from the judgment of conviction, defendant was not entitled to have the victim testify at the *Wade* hearing. The record does not support his contention that the victim was briefly left alone with a nontestifying officer before a second lineup was arranged with the participants standing, after the victim was unable to conclusively identify defendant during an initial lineup procedure with the participants seated. While the detective who did testify did not recall the victim asking whether she "got it right" after the initial lineup, the defense attorney who represented defendant at the lineup testified regarding that conversation, and related the detective's reply that there was no right or wrong answer, which the attorney described as an "appropriate[ ]" response. Defendant merely speculates about what prompted the victim's request to view the men standing. Thus, the hearing evidence did not raise a substantial issue about the constitutionality of the lineup that could only be resolved by the testimony of the identifying witness (*see People v Chipp*, 75 NY2d 327, 338 [1990], *cert denied*

498 US 833 [1990]; *People v Perez*, 85 AD3d 630 [1st Dept 2011], *lv denied* 17 NY3d 955 [2011]).

As to defendant's civil appeal from his sex offender adjudication, the record supports the court's determination that defendant is subject to the presumptive override for a prior felony sex crime conviction, which results in a level three adjudication independent of any point assessments. Accordingly, it is unnecessary to address defendant's challenges to particular assessments; in any event, we find those challenges to be unavailing. The court properly exercised its discretion when it declined to grant a downward departure (*see People v Gillotti*, 23 NY3d 841 [2014]). The mitigating factors cited by defendant were outweighed by the seriousness of the underlying crime as well as the similarity and violence of the prior felony sex crime, for which he was previously adjudicated a level three offender. To the extent defendant argues that the court need not have adjudicated him a predicate sex offender, that claim is without merit (*see People v Bullock*, 125 AD3d 1, 8 [1st Dept 2014], *lv denied* 24 NY3d 915 [2015]; *People v Rodriguez*, 122 AD3d 538 [1st Dept 2014], *lv denied* 24 NY3d 1221 [2015]). Concur—Friedman, J.P., Renwick, Andrias, Gische and Webber, JJ.