■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMIE BYNUM, Appellant. [32 NYS3d 489]—

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about July 15, 2015, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The court's upward departure was a proper exercise of discretion, based on clear and convincing evidence of an aggravating factor that was not otherwise adequately taken into account by the risk assessment guidelines, and which outweighed the mitigating factors cited by defendant (*see e.g. People v Poole*, 105 AD3d 654 [1st Dept 2013], *lv denied* 21 NY3d 863 [2013]). Although, defendant's recent, egregious crime of violence against his own mother was not a sex offense, its circumstances supported an inference of increased risk of sexual recidivism.

The court was required, as a matter of law, to designate defendant a sexually violent offender, both because of the registration requirement of his out-of-state conviction (*see People v Macchia*, 126 AD3d 458, 462 [1st Dept 2015], *lv denied* 25 NY3d 910 [2015]), and also because the conduct underlying that conviction matched the essential elements of the corresponding New York offense (*see Matter of North v Board of Examiners of Sex Offenders of State of N.Y.*, 8 NY3d 745, 753 [2007]). Concur—Friedman, J.P., Sweeny, Webber and Gesmer, JJ.