■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PEREZ, Appellant. [39 NYS3d 424]—

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about June 17, 2015, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The record supports the court's discretionary upward departure to level three. There was clear and convincing evidence to establish aggravating factors that were not otherwise adequately accounted for by the risk assessment instrument (*see People v Gillotti*, 23 NY3d 841, 861-862 [2014]). Although defendant was assessed the maximum amount of points for his criminal history, the risk assessment instrument did not reflect the serious and violent extent of that history (*see People v Faulkner*, 122 AD3d 539 [1st Dept 2014], *lv denied* 24 NY3d 915 [2015]). Moreover, the instrument did not take into account that, while confined and awaiting trial, defendant sought to have the victim of the underlying offense killed, in the hopes that the charges against him would be dismissed. Furthermore, we conclude that these aggravating factors outweighed the alleged mitigating factors set forth by defendant in opposition to the upward departure to risk level three.

Accordingly, defendant was properly adjudicated a level three offender based on the upward departure, regardless of whether his correct point score is 105, as the court found, or 85, as defendant asserts. In any event, the court correctly assessed points under the risk factor for relationship (strangers) between defendant and the victim. Concur—Friedman, J.P., Richter, Feinman, Kapnick and Kahn, JJ.