The People of the State of New York, Respondent,
against
Malcolm Anderson, Defendant-Appellant.



Defendant appeals from an order of the Criminal Court of the City of New York, New York County (Robert M. Mandelbaum, J.), entered February 23, 2011, which, after a hearing, designated him a level three sex offender and a predicate sex offender pursuant to the Sex Offender Registration Act.




Per Curiam.
Order (Robert M. Mandelbaum, J.), entered February 23, 2011, modified on the law by vacating the determination that defendant is a predicate sex offender and, as modified, affirmed.
The People initially met their burden of establishing, by clear and convincing evidence, risk factors bearing a sufficient total point score to support a level two sex offender adjudication. The court properly assessed 10 points for risk factor 8, "[a]ge at first act of sexual misconduct," as defendant was 19 years of age when he was convicted of the offense of "criminal sexual contact" in New Jersey (N.J. Stat. Ann. 2C:14-3[b]; see People v Filkins, 107 AD3d 1069 [2013]; People v Robertson, 101 AD3d 1671 [2012]).
The court properly exercised its discretion in upwardly departing to risk level 3, based upon clear and convincing evidence of aggravating factors not taken into account by the risk assessment instrument (see e.g. People v Faulkner, 122 AD3d 539 [2014], lv denied 24 NY3d 915 [2015]), specifically, the significant risk of recidivism indicated by defendant's serious criminal history (see People v Collins, 127 AD3d 568, 568-569 [2015], lv denied 26 NY3d 901 [2015]; People v Goodwin, 126 AD3d 610, 611, lv denied 25 NY3d 913 [2015]).In this regard, defendant has numerous convictions for nonsexual offenses, the New Jersey conviction of criminal sexual contact, and two separate convictions for forcible touching.
However, the court erred in classifying defendant as a predicate sex offender, since it was unclear if the New Jersey offense of criminal sexual contact contains the essential elements of a New York offense that is subject to registration, or if defendant was required to register as a sex offender in New Jersey because of his conviction in that state (see Correction Law § 168-a [2][d][i],[ii]; People v Mann, 52 AD3d 884, 885 [2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: October 31, 2016