People v Cruz (2020 NY Slip Op 02161)





People v Cruz


2020 NY Slip Op 02161


Decided on April 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020

Gische, J.P., Gesmer, Oing, Moulton, JJ.


11324 1376/15

[*1]The People of the State of New York, Respondent,
v
Antonio Cruz, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Adrienne M. Gantt of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.



Order, Supreme Court, New York County (Charles H. Solomon, J.), entered on or about January 4, 2017, which adjudicated defendant a level three sexually violent predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The record supports the court's discretionary upward departure. Clear and convincing evidence established aggravated factors that were not adequately taken into account by the risk assessment instrument (see People Gillotti, 23 NY3d 841, 861-862). Although defendant was assessed the maximum amount of points for the number and nature of his prior crimes, this did not reflect the seriousness and extent of that history, which included four prior sex offense convictions and was indicative of sexual recidivism (see People v Roman, 143 AD3d 476 [1st Dept 2016], lv denied 28 NY3d 912 [2017]). Moreover, despite having been adjudicated a level three offender on a prior case, and subjected to the requirements of that classification, he nevertheless committed yet another sex crime, resulting in the instant adjudication. This was also predictive of sexual recidivism (see People v Collins, 127 AD3d 568 [1st Dept 2015], lv denied 26 NY3d 901 [2015]; People v Faulkner, 122 AD3d 539 [1st Dept 2014], lv denied 24 NY3d 915 [2015]).
The mitigating factors that defendant relied upon were adequately taken into account by the risk assessment instrument, and, in any event, were outweighed by the aggravating factors.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2020
CLERK