People v Johnson (2020 NY Slip Op 51160(U))

[*1]

People v Johnson (Clayton)

2020 NY Slip Op 51160(U) [69 Misc 3d 130(A)]

Decided on October 5, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 5, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

570612/16

The People of the State of New York,
Respondent,
against
Clayton Johnson, Defendant-Appellant.

Defendant appeals from an order of the Criminal Court of the City of New York, New York
County (Guy H. Mitchell, J.), entered July 22, 2016, which, after a hearing, adjudicated him a
level three sex offender, pursuant to the Sex Offender Registration Act (Correction Law art.
6-C).

Per Curiam.
Order (Guy H. Mitchell, J.), entered July 22, 2016, affirmed.
The delay between the underlying forcible touching conviction and the SORA hearing did
not violate defendant's right to due process. Correction Law § 168—l(8) provides that
a failure by a state or local agency to act or by a court to render a determination within the time
period specified by the Sex Offender Registration Act shall not affect the obligation of a sex
offender to register or verify under SORA, nor shall such failure prevent a court from making a
determination regarding the sex offender's level of notification. SORA is regulatory rather than
criminal in nature and, as such, "the due process protections required for a risk level
classification proceeding are not as extensive as those required in a plenary criminal or civil trial"
(People v Baxin, 26 NY3d 6, 10 [2015] [internal quotation marks omitted]).
"Considering that defendant was already under a life-long obligation to register as a risk level
three sex offender" as a result of a 2005 third-degree rape conviction (People v Gallagher, 129 AD3d
1252, 1253 [2015], lv denied 26 NY3d 908 [2015]), we conclude that the delay
herein was not "so outrageously arbitrary as to constitute a gross abuse of governmental
authority" (People v Lumpkin, 168
AD3d 1111, 1112 [2019], lv denied 33 NY3d 907 [2019], quoting People v Gonzalez, 138 AD3d
814, 815 [2016], lv denied 27 NY3d 913 [2016]).
The court properly exercised its discretion when it granted an upward departure from
defendant's presumptive risk level to risk level three (see People v Gillotti, 23 NY3d 841
[2014]). Clear and convincing evidence established aggravating factors that were not adequately
taken into account by the risk assessment instrument or by the SORA guidelines (see People v
Gillotti, [*2]23 NY3d at 861-862). Although defendant was
assessed points for the number and nature of his prior crimes, this did not reflect the seriousness
and extent of that history, which included assault and public lewdness convictions, as well as
defendant's extensive post-offense criminal conduct, including, inter alia, his 2005
forcible rape of a fellow psychiatric inpatient, a 2006 third-degree assault conviction and a 2015
public lewdness conviction, conduct that was indicative of defendant's continued pattern of
aggressive sexual behavior and high risk of recidivism (see People v Cruz, 182 AD3d 415 [2020]; People v Taylor, 154 AD3d 524
[2017], lv denied 30 NY3d 909 [2018]; People v Roman, 143 AD3d 476 [2016], lv denied 28
NY3d 912 [2017]; People v
Goodwin, 126 AD3d 610, 611 [2015], lv denied 25 NY3d 913 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: October 5, 2020