People v DeLeon (2022 NY Slip Op 03689)

People v DeLeon

2022 NY Slip Op 03689

Decided on June 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 07, 2022

Before: Gische, J.P., Webber, Singh, González, Pitt, JJ. 

Ind. No. 2876/11 Appeal No. 16104 Case No. 2018-1407 

[*1]The People of the State of New York, Respondent,
v
Alberto DeLeon, Defendant-Appellant.

Janet E. Sabel, The Legal Aid Society, New York (Robin Richardson of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Diana J. Lewis of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about August 25, 2017, which adjudicated defendant a level three predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-c), unanimously affirmed, without costs.
Defendant's prior felony sex crime conviction automatically resulted in an override to risk level three, and the court providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). In making that determination, the court stated that it had reviewed the documents offered by defendant in mitigation. Although defendant challenges the adequacy of the court's findings, we conclude that a remand is unnecessary because the record is sufficient for this Court to make its own findings (see People v Lewis, 143 AD3d 604 [1st Dept 2016], lv denied 28 NY3d 916 [2017]; People v Lacewell, 103 AD3d 784, 785 [2d Dept 2013], lv denied 21 NY3d 856 [2013]; see also Weckstein v Breitbart, 111 AD2d 6, 8 [1st Dept 1985]).
A departure requires a three-step process (see People v Gillotti, 23 NY3d at 861). Even if we assume that defendant met his burden on the first two steps, that, as a matter of law, there are mitigating factors not adequately taken into account by the guidelines and that those mitigating factors actually exist in this case, we still find that a downward departure was appropriately denied in this case. In weighing the mitigating factors, we find that the totality of the circumstances does not warrant a departure to avoid an over- assessment of the defendant's dangerousness and risk of sexual recidivism (id.). None of the mitigating factors are particularly compelling, and they are outweighed by aggravating factors. Most notably, in 1994 defendant was convicted of a series of sex crimes against a nine-year-old child, for which he served a prison sentence and was adjudicated a level two sex offender. Then, in 2010 and 2011, he committed the underlying series of sex crimes against a 12-year-old child. Thus, defendant displayed a dangerous propensity to commit sex crimes against children (see People v Poole, 105 AD3d 654 [2013], lv denied 21 NY3d 863 [2013]), and we find that a level three adjudication, which is supported both by defendant's point score of 110 and the automatic override, is appropriate.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 7, 2022