People v Carmona (2023 NY Slip Op 00277)

 

People v Carmona

2023 NY Slip Op 00277

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023

Before: Kapnick, J.P., González, Mendez, Shulman, Higgitt, JJ. 

Ind. No. 4266/2015 Appeal No. 17174 Case No. 2018-5165 

[*1]The People of the State of New York, Respondent,
v
Juan Carmona, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Iván Pantoja of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.

Order, Supreme Court, New York County (Curtis J. Farber, J.), entered on or about March 16, 2018, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The record supports the court's discretionary upward departure. Clear and convincing evidence established aggravating factors not adequately taken into account by the risk assessment instrument (see People v Gillotti, 23 NY3d 841, 861-862 [2014]), which assessed points based on the mere existence of certain prior convictions but did not sufficiently reflect the egregious pattern and risk of recidivism reflected in defendant's criminal background. Among other things, after already being adjudicated a level three offender in 2009, defendant continued to commit the crime of forcible touching on several occasions and demonstrated escalating criminality by committing a forcible sex crime in the underlying incident (see e.g. People v Cruz, 182 AD3d 415 [1st Dept 2020], lv denied 35 NY3d 914 [2020]). The fact that defendant's prior forcible touching convictions formed the basis of defendant's conviction of persistent sexual abuse (Penal Law § 130.53) is not a basis to find that the risk assessment instrument adequately took into account his prior sexual offenses.
We also reject defendant's argument that his age at the time of the hearing (55 years) is a mitigating factor weighing against an upward departure, particularly where he was 52 at the time of the underlying forcible sex crime. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 24, 2023