People v Williams (2024 NY Slip Op 50283(U))

[*1]

People v Williams (Dawayne)

2024 NY Slip Op 50283(U)

Decided on March 19, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 19, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570552/17

The People of the State of New York, Respondent,
against
Dawayne Williams, Defendant-Appellant.

Defendant appeals from an order of the Criminal Court of the City of New York, New York County (Kate Paek, J.), entered August 3, 2017, which, after a hearing, designated him a level three sex offender pursuant to the Sex Offender Registration Act.

Per Curiam.
Order (Kate Paek, J.), entered August 3, 2017, affirmed. 
Defendant's 2008 Nebraska felony conviction of third degree sexual assault on a child, which required him to register as a sex offender in that State, automatically resulted in an override to risk level three (see Correction Law § 168-a[2][d][ii]; Matter of North v Board of Examiners of Sex Offenders of State of NY, 8 NY3d 745, 748-749 [2007]; People v Mann, 52 AD3d 884, 885 [2008]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, risk factor 9 [2006]). Accordingly, defendant qualifies as a level three offender independently of any point assessments (see People v Fair, 129 AD3d 617, 617 [2015], lv denied 26 NY3d 910 [2015]).
The court properly exercised its discretion when it declined to grant a downward departure (see generally People v Howard, 27 NY3d 337, 339 [2016]; People v Gillotti, 23 NY3d 841 [2014]). The mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument, or were outweighed by defendant's criminal history, which includes, among other things, two convictions for failing to comply with sex offender registration requirements (see People v Dworkowitz, 170 AD3d 512, 513 [2019], lv denied 33 NY3d 910 [2019]; People v Rodriguez, 122 AD3d 538 [2014], lv denied 24 NY3d 1221 [2015]; People v Bright, 104 AD3d 478 [2013]), "a fact which may be an aggravating factor in terms of a risk of reoffense" (People v Reid, 141 AD3d 156, 160 [2016], lv denied 28 NY3d 901 [2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: March 19, 2024