People v Schultz (2025 NY Slip Op 00251)

People v Schultz

2025 NY Slip Op 00251

Decided on January 16, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 16, 2025

CV-23-1062
[*1]The People of the State of New York, Respondent,
v
Kyle Schultz, Appellant.

Calendar Date:November 13, 2024

Before:Aarons, J.P., Ceresia, McShan and Mackey, JJ.

Gregory V. Canale, Public Defender, Lake George (Erin K. Komon of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Robert P. McCarty of counsel), for respondent.

Aarons, J.P.
Appeal from an order of the County Court of Warren County (Robert A. Smith, J.), entered March 30, 2023, which classified defendant as a risk level two sex offender and designated him a sexually violent offender pursuant to the Sex Offender Registration Act.
In 2022, defendant pleaded guilty to three counts of possession of child pornography in violation of Florida Statutes § 827.071 (5), a third-degree felony. Defendant was sentenced to 30 days in jail and 36 months of probation and was required to register as a sex offender in Florida. Upon completion of his carceral sentence, defendant relocated to Warren County to reside with his parents, and his probation supervision was transferred to this state. The Board of Examiners of Sex Offenders notified defendant that he was required to register as a sex offender under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), and the Board prepared a risk assessment instrument (hereinafter RAI), assessing him 30 points and presumptively classifying him a risk level one sex offender. The Board also prepared a sex offender designation form but did not recommend designating him a sexually violent offender (see Correction Law § 168-a [3] [b]; [7] [b]). The People, in turn, prepared an RAI assessing 100 points against defendant, presumptively classifying him as a risk level two sex offender while requesting an upward departure to a risk level three classification; like the Board, the People did not seek to designate defendant a sexually violent offender. Following a hearing, County Court assessed defendant 50 points — a risk level one classification — but granted an upward departure to a risk level two classification and, on its own initiative, designated defendant a sexually violent offender (see People v Talluto, 39 NY3d 306, 316 [2022]; People v Lockwood, 308 AD2d 640, 640-641 [3d Dept 2003]). Defendant appeals.
Initially, defendant's contention that County Court erred in assessing him points under risk factor 5 is academic, as eliminating the 30 points at issue would not affect defendant's presumptive risk level classification (see People v Scott, 230 AD3d 1487, 1487 [3d Dept 2024]; People v Richardson, 209 AD3d 1068, 1070 [3d Dept 2022], lv denied 39 NY3d 908 [2023]). Further, his challenge to the court's upward departure to a risk level two classification is without merit. Defendant's alleged sexual interest in young teenage girls is an aggravating circumstance that, as a matter of law, is "not adequately taken into account by the [SORA] guidelines" (People v Gillotti, 23 NY3d 841, 861 [2014]; see generally People v Hyman, 228 AD3d 1080, 1081 [3d Dept 2024]). Defendant's documented admissions to Florida law enforcement and during a later forensic psychosexual evaluation of his sexual attraction to children as young as 13 years old constitute clear and convincing evidence of the alleged aggravating factor (see People v Gillotti, 23 NY3d at 861). The court also determined — [*2]appropriately in our view — that a downward departure was not warranted as defendant's underlying criminal conduct occurred despite his various psychological and physical medical conditions and the ongoing supervision of his parents. Remaining cognizant of "the statistically low likelihood that a child pornography offender will commit hands-on sex offenses in the future" (id. at 864), the upward departure to a risk level two sex offender classification was not an abuse of discretion (see People v Walters, 181 AD3d 1106, 1106-1107 [3d Dept 2020]; see also People v Brown, 190 AD3d 1120, 1123 [3d Dept 2021]; People v Lavelle, 172 AD3d 1568, 1569-1570 [3d Dept 2019]).
Turning to defendant's designation, a sexually violent offender is a sex offender who has committed a crime defined under SORA as a sexually violent offense (see Correction Law § 168-a [7] [b]). A sexually violent offense includes, as relevant here, a "conviction of a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred" (Correction Law 168-a [3] [b] [hereinafter the foreign registration clause]). Defendant's felony child pornography conviction in Florida requires him to register as a sex offender in that state; therefore, pursuant to the foreign registration clause, "County Court . . . was required by law to designate defendant a sexually violent offender" (People v Talluto 39 NY3d at 316; see Correction Law 168-a [7] [b]; People v Lockwood, 308 AD2d at 640-641).
With this backdrop in mind, defendant contends that he was designated a sexually violent offender in violation of his procedural due process rights. We agree. A sex offender who relocates to this state must notify the Board, which determines whether the offender must register (see Correction Law § 168-k [1], [2]). The Board, in turn, must make a recommendation to the court regarding the offender's risk level and whether the offender "shall be designated a sexual predator, sexually violent offender, or predicate sex offender as defined in [Correction Law § 168-a]" (Correction Law § 168-k [2]). The court then provides notice of the determination hearing to the offender. "If the district attorney seeks a determination that differs from the recommendation submitted by the [B]oard, . . . the district attorney shall provide to the court and the sex offender a statement setting forth the determinations sought by the district attorney together with the reasons for seeking such determinations" (Correction Law § 168-k [2]). The court may act on its own initiative to depart from the recommendation of the Board, even in the absence of a request by the People (see People v Maus, 162 AD3d 1415, 1417 [3d Dept 2018]), but due process and SORA still accord a sex offender the right to notice and an opportunity to be heard before the court makes its determinations (see Correction Law § 168-k [2]; People v Medina, 165 AD3d 1184, 1185 [2d Dept 2018], [*3]lv denied 32 NY3d 917 [2019]; see generally People v Worley, 40 NY3d 129, 131 [2023]; People v David W., 95 NY2d 130, 136-139 [2000]). Indeed, in the event of "a dispute between the parties concerning the determinations, the court shall adjourn the hearing as necessary to permit the sex offender or the district attorney to obtain materials relevant to the determinations" (Correction Law § 168-k [2]; see People v Bryant, 147 AD3d 412, 412 [1st Dept 2017], lv denied 29 NY3d 910 [2017]).
Here, neither the Board nor the People requested that County Court designate defendant a sexually violent offender, and the designation was never mentioned at the hearing (compare People v Brightman, 230 AD3d 1527, 1528 [4th Dept 2024]; People v Malloy, 228 AD3d 1284, 1285 [4th Dept 2024]). Although the court appropriately concluded that the foreign registration clause compelled it to designate defendant a sexually violent offender (see People v Talluto, 39 NY3d at 316), the court erred when it failed to provide defendant with notice and an opportunity to be heard on his designation before issuing a determination (see Correction Law § 168-k [2]; People v Medina, 165 AD3d at 1185). This error prejudiced defendant, as he could not timely assert, and thereby preserve, the constitutional defenses he presses on appeal (compare People v Talluto, 39 NY3d at 310; People v Guzman, 165 AD3d 570, 571 [1st Dept 2018], lv denied 32 NY3d 917 [2018]). Specifically, defendant contends that his designation as a sexually violent offender violates his rights to substantive due process and equal protection of the laws and runs afoul of the Privileges and Immunities Clause (see US Const, art IV, § 2; 14th amend; NY Const, art I, §§ 6, 11; People v Brightman, 230 AD3d at 1528; People v Malloy, 228 AD3d at 1285; see generally Doe v Pennsylvania Bd. of Probation & Parole, 513 F3d 95, 107 [3d Cir 2008]; Yunus v Robinson, 2019 WL 168544, *8-12, 2019 US Dist. LEXIS 5654, *26-38 [SD NY, Jan. 11, 2019, No. 17-cv-5839 (AJN)]; Clement v Durban, 32 NY3d 337, 341-347 [2018], cert denied ___ US ___, 139 S Ct 2649 [2019]; People v Hoyos-Sanchez, 147 AD3d 701, 702 [1st Dept 2017], lv denied 29 NY3d 912 [2017]; People v McGarghan, 18 Misc 3d 811, 815 [Sup Ct, NY County 2007], affd 83 AD3d 422 [1st Dept 2011]). Accordingly, defendant's designation must be vacated and the matter remitted to County Court to consider defendant's constitutional defenses in further proceedings that are consistent with due process and SORA, including providing the parties an opportunity to further develop the record to support their positions on those defenses and then making appropriate findings of fact and conclusions of law (see Correction Law 168-k [2]; cf. People v Brown, 41 NY3d 279, 287 [2023]; People v Grzegorzewski, 232 AD3d 1203, 1205-1206 [4th Dept 2024]).
Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by vacating the provision designating defendant as [*4]a sexually violent offender; matter remitted to the County Court of Warren County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.