People v Kasmoin (2025 NY Slip Op 01775)

People v Kasmoin

2025 NY Slip Op 01775

Decided on March 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 25, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Higgitt, JJ. 

Ind No. 3439/16|Appeal No. 3964|Case No. 2019-03842|

[*1]The People of the State of New York, Respondent,
v
Amat B. Kasmoin, Also Known as Kasmoin Amat, Appellant.

Twyla Carter, The Legal Aid Society, New York (Robin Richardson of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Julianna Sousou of counsel), for respondent.

Order, Supreme Court, New York County (Mark Dwyer, J.), entered on or about August 1, 2019, which adjudicated defendant a level three sexually violent predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The record supports the court's discretionary upward departure, based on clear and convincing evidence establishing the existence of aggravating factors not adequately accounted for in the risk assessment instrument (see People v Gillotti, 23 NY3d 841, 861—862 [2014]), most notably convictions for four prior sexual assaults nearly identical to the underlying sexual assaults here (see People v Sostenes, 173 AD3d 512, 513 [1st Dept 2019], lv denied 34 NY3d 902 [2019]). Moreover, defendant was already adjudicated a level three offender when he committed the instant offenses, which likewise is an aggravating factor not fully accounted for in the risk assessment instrument (see People v Faulkner, 122 AD3d 539, 539 [1st Dept 2014], lv denied 24 NY3d 915 [2015]). This prior level three offender adjudication outweighs any mitigating factors that defendant cites (id.; People v Malena, 186 AD3d 1175, 1175-1176 [1st Dept 2020], lv denied 36 NY3d 907 [2021]). Defendant's perceived difficulty in finding housing with a level three designation does not warrant different result (see People v McFarland, 120 AD3d 1121, 1122 [1st Dept 2014], lv denied 24 NY3d 1053 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2025