■ In the Matter of CHARLES A., Respondent, v STATE OF NEW YORK, Appellant. [956 NYS2d 686]—

Garry, J.

At the retention hearing, the parties offered conflicting expert psychiatric testimony regarding the risks of petitioner's potential release; respondent's expert testified that petitioner continued to require confinement in a secure facility, while petitioner's expert opined that he could be safely managed in the community under SIST. Following the hearing, Supreme Court concluded that both experts were fully qualified and had reasonable grounds for their conclusions. Given what the court described as "the equal strengths of [the experts'] opinions," the court found that respondent had not met its burden to prove by clear and convincing evidence that petitioner remained "a dangerous sex offender requiring confinement" (Mental Hygiene Law § 10.09 [b]; *see* Mental Hygiene Law § 10.09 [f], [h]). Respondent contends that this conclusion was "fatally flawed" in that it was based on an allegedly incorrect statement by petitioner's expert during the retention hearing that petitioner is ready for phase IV—the final stage of the OMH sex offender treatment program—but that phase IV is not available to him.

The record does not include a full description of this program, but the parties agreed that this Court may take judicial notice of the information contained in OMH's Annual Report on the Implementation of Mental Hygiene Law Article 10, a document available to the public on a government website (*see* CPLR 4511;

*People v Eden*, 95 AD3d 1446, 1447 n [2012], *lv denied* 19 NY3d 1025 [2012]). According to the Annual Report, persons who have been adjudicated as dangerous sex offenders requiring confinement are treated in two OMH secure facilities—SLPC and the Central New York Psychiatric Center (hereinafter CNYPC)—where they progress at an individualized pace through four incremental phases of treatment. Phase III of this program requires participants to meet goals that demonstrate the ability to utilize skills and insights acquired earlier in the program. Upon completing these goals and maintaining them for six months or longer, participants may enter phase IV, which addresses individualized discharge planning for the transition back to the community. As of October 2011, approximately 270 residents of CNYPC and SLPC were participating in the OMH program; fewer than 30 had reached phase III and only one—a resident of CNYPC—was in phase IV (*see* Office of Mental Health, 2011 Annual Report on the Implementation of Mental Hygiene Law Article 10 at 11 [Sept. 2012], available at https://www.omh.ny.gov/omhweb/statistics/SOMTA_Report_2011.pdf [accessed Dec. 5, 2012]). Notably, nothing within this detailed report indicates that phase IV programming is limited to only one of the two facilities.

Petitioner's expert testified that he believed that petitioner was ready for phase IV but could not progress to that stage of the program because it did not exist and was not available at SLPC. Upon respondent's objection that these claims were inaccurate and unsupported by the evidence, Supreme Court agreed that it would not treat the statement that phase IV did not exist at SLPC as a fact in evidence. Respondent contends that the court nonetheless did so, as the written decision ultimately included statements that petitioner—who had been in phase III for approximately two years at the time of the retention hearing—had progressed "as far as he [was] able" in the OMH program, and that phase IV "doesn't exist" at SLPC. Respondent argues first, that the claim that phase IV is unavailable to petitioner is incorrect and, second, that the court's reliance upon this assertion after advising that it would not do so deprived respondent of the opportunity to present evidence demonstrating that phase IV is available at SLPC but that—in this relatively new and individually paced program, which came into existence in 2007—neither petitioner nor any other SLPC resident has yet progressed to that level.

We agree that significant factual issues are raised. Among other things, petitioner's most recent annual treatment progress review noted that petitioner had completed most of his

phase III treatment goals and concluded that if he continued to progress and completed the remaining goals, his treatment team expected to recommend him for phase IV.* The annual treatment progress review thus suggests that the reason that petitioner has not entered phase IV is not that it is unavailable, but instead that he has not yet reached that level of treatment. Significantly, petitioner's expert testified unequivocally that it would be preferable for petitioner to complete phase IV before being released under SIST if, in fact, phase IV programming were available. It appears that the sole basis for the expert's belief that phase IV was unavailable to petitioner was the limited participation at that time.

As the trial record on this issue is incomplete, we agree with respondent that Supreme Court's assurance that it would not rely on the representations of petitioner's expert regarding phase IV deprived respondent of the ability to present relevant and material evidence. These representations do not raise questions of credibility, as to which we defer to Supreme Court's superior opportunity to hear the testimony and observe the witnesses (see Matter of State of New York v Timothy EE., 97 AD3d 996, 998 [2012]; Matter of State of New York v Kenneth BB., 93 AD3d 900, 902 [2012]); instead, to the extent that the factual assertions of petitioner's expert as to the availability of phase IV—and thus, his ultimate conclusions as to petitioner's progress in treatment and the appropriateness of release under SIST—are unsupported by an evidentiary foundation in the record, they are speculative and without probative value (see Bergstrom v McChesney, 92 AD3d 1125, 1127 [2012]; Gray v South Colonie Cent. School Dist., 64 AD3d 1125, 1128 [2009]; Maldonado v Su Jong Lee, 278 AD2d 206, 207 [2000]). Although this Court's authority is as broad as that of the trial court in reviewing this nonjury determination (see Matter of Carpinello v Floyd A., 23 AD3d 179, 182 [2005]), the lack of evidence in the record as to the availability of phase IV at SLPC, the reasons for petitioner's failure to attain that level of programming and—crucially—the relative strengths, benefits and shortcomings of phase IV programming as compared to SIST renders such review impossible. Accordingly, we must remit for a new hearing to allow the development of a full record on these issues, an opportunity for petitioner's expert to consider his opinions

---

* Respondent's expert, a psychiatric examiner employed by OMH, testified that the first step in entering phase IV is an internal review at SLPC conducted upon the recommendation of the treatment team; if the result of this review is positive, the OMH central office in the City of Albany conducts an external review and makes the final determination.

regarding the appropriateness of SIST for petitioner in the light of new information, if any, regarding the availability of phase IV, and further review by Supreme Court.

Peters, P.J., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the orders and amended order are reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.