Stein, J.
Appeal from an order of the Supreme Court (Demurest, J.), entered July 3, 2012 in St. Lawrence County, which dismissed petitioner’s application, in a proceeding pursuant to Mental Hygiene Law article 10, for his discharge from confinement at a secure treatment facility.
In 1984, petitioner was convicted of, among other things, sodomy in the first degree after he sexually assaulted two brothers, who were 11 and 14 years old.[1] Petitioner was subsequently diagnosed with pedophilia and antisocial personality disorder with psychopathic features and, in 2011, was civilly confined to a secure treatment facility after he was determined to be a dangerous sex offender (see Mental Hygiene Law § 10.01 et seq.). The following year, petitioner exercised his right to petition the court for discharge (see Mental Hygiene Law § 10.09 [a]). As a result, Timothy Wisniewski, a psychiatric examiner for the Office of Mental Health, completed a psychiatric evaluation of petitioner and prepared a report of his findings (see Mental Hygiene Law § 10.09 [b]), in which he concluded that petitioner remains a dangerous sex offender requiring civil confinement. Following an evidentiary hearing (see Mental Hygiene Law § 10.09 [d]), at which both Wisniewski and petitioner testified, Supreme Court determined that petitioner was a dangerous sex offender with a continued need for confinement in a secure treatment facility.[2] Upon petitioner’s appeal from that determination, we now affirm.
We reject petitioner’s contention that respondent failed to meet its burden of establishing by clear and convincing evidence that he continues to be a dangerous sex offender requiring civil *1084 confinement (see Mental Hygiene Law § 10.09 [d], [h]; Matter of Skinner v State of New York, 108 AD3d 1134, 1135 [2013]; Matter of State of New York v Treat, 100 AD3d 1513, 1513 [2012], lv denied sub nom. Matter of State of New York v Edward T., 20 NY3d 861 [2013]). A dangerous sex offender requiring confinement is defined as “a person who is a detained sex offender suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility” (Mental Hygiene Law § 10.03 [e]). Wisniewski testified that he reviewed all records retained by the Office of Mental Health pertaining to petitioner — including, but not limited to, case review team records and summary notes, parole report records, police reports and a prior mental abnormality evaluation — and conducted an examination of petitioner (see Mental Hygiene Law § 10.09 [b]). Wisniewski diagnosed petitioner with pedophilia (sexually attracted to males, nonexclusive type), as well as antisocial personality disorder and psychopathy. He testified that petitioner’s score of six on the STATIC-99R, a static risk assessment instrument, indicates a high risk for sexual recidivism. Wisniewski also considered various dynamic risk factors pertaining to petitioner[3] and opined that they indicated “an even higher risk than that established by his static factors alone.” Wisniewski concluded that “[t]he combination of sexual deviancy and psychopathy makes [petitioner] an exceptionally dangerous individual with a very high risk of reoffending both violently and sexually.”
Wisniewski also explained the four phases of sex offender treatment offered at the facility where petitioner is confined (see generally Matter of Charles A. v State of New York, 101 AD3d 1535, 1537 [2012]) and noted that petitioner has not progressed past phase one — which Wisniewski described as the “introduction” to treatment — primarily because petitioner wavered with respect to admitting to his crimes and the fact that he is a sexual offender, and because of petitioner’s “chaotic” behavior while confined.[4] Additionally, it was noted that petitioner’s behaviors had “slowed his progress through the program, and, consequently, he is still only in the earliest stages of treatment.” According to Wisniewski, petitioner stated sev *1085 eral times that he did not want to progress to phase two. Petitioner’s inability to progress prevented him from receiving treatment aimed at helping him to identify triggers with respect to sexually offending and from identifying a relapse prevention plan in the event that he were released into strict and intensive supervision and treatment (hereinafter SIST) in the community.
Contrary to petitioner’s claim, Supreme Court was not required to consider the conditions that would be imposed upon petitioner if he was subject to SIST (compare Mental Hygiene Law § 10.07 [f] with Mental Hygiene Law § 10.09). Rather, in this proceeding, Supreme Court was only required to determine whether petitioner is currently a dangerous sex offender requiring confinement (see Mental Hygiene Law § 10.09). To that end, Wisniewski ultimately concluded that petitioner’s “skills are not yet developed enough to step-down to community-based supervision and treatment, more specifically, SIST” and that his release into the community “poses an undue risk to society.” Consequently, Wisniewski determined that petitioner “remains a dangerous sex offender requiring civil confinement.” While petitioner argues that continued civil confinement is unnecessary — relying on the fact that the instant offense occurred approximately 30 years ago, as well as the fact that he has not committed any new sex offenses — petitioner offered no expert proof to rebut Wisniewski’s conclusions. To the extent that petitioner disputed certain factual portions of Wisniewski’s testimony, Supreme Court was free to credit Wisniewski’s testimony over his. According appropriate deference to Supreme Court’s superior position to evaluate the weight of the expert’s opinion and credibility determinations (see Matter of Charles A. v State of New York, 101 AD3d at 1538; Matter of State of New York v Timothy EE., 97 AD3d 996, 998 [2012]), and upon our careful review of the record, we discern no basis to disturb Supreme Court’s determination that respondent met its burden of demonstrating that petitioner continued to be a dangerous sex offender requiring confinement.
To the extent not specifically addressed herein, petitioner’s remaining contentions have been considered and found to be without merit.
Lahtinen, J.E, Spain and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

. The record also reflects prior incidents in which petitioner orally and anally sodomized seven children between the ages of 8 and 14, and raped an adult female victim.

. Petitioner was also examined by an independent psychiatric examiner appointed by Supreme Court (see Mental Hygiene Law § 10.09 [b]). However, petitioner elected not to call that examiner as a witness at the hearing and his report was not admitted into evidence.

. These factors included, among other things, negative emotionality, hostility towards women, lack of concern for other people, sexual deviation, emotional identification with children and poor problem solving skills.

. The record reflects that petitioner routinely threatened the lives of the staff and their families, was physically abusive to the staff and peers, sexually harassed the female staff and was manipulative to staff.