People v Walters (2020 NY Slip Op 01865)





People v Walters


2020 NY Slip Op 01865


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

527614

[*1]The People of the State of New York, Respondent,
v
Kurtiss S. Walters, Appellant.

Calendar Date: February 14, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ.


Michael T. Baker, Acting Public Defender, Binghamton (Alexander M. Keene of counsel), for appellant.
Michael A. Korchak, District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



Colangelo, J.
Appeal from an order of the County Court of Broome County (Cawley Jr., J.), entered August 15, 2018, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
Defendant pleaded guilty in a Colorado court in 2017 to sexual exploitation of a child and invasion of privacy for sexual gratification, stemming from his possession of 345 confirmed images of child pornography, and he was sentenced to 120 days in jail followed by 10 years of probation. After his release from jail, defendant's probation supervision was transferred upon his relocation to New York, where he is required to register as a sex offender because his felony conviction would require registration in Colorado (seeCorrection Law 168-a [2] [d] [ii]). To that end, the Board of Examiners of Sex Offenders prepared a risk assessment instrument under the Sex Offender Registration Act (see Correction Law art 6-C) that assigned 30 points to risk factor 5 (age of victim) and 15 points to risk factor 11 (drug or alcohol abuse), presumptively placing defendant in the risk level one classification. The People adopted the Board's assessment and, consistent with the Board's recommendation, sought an upward departure to a risk level two, citing, among other things, the nature of the crime and defendant's admissions regarding his child pornography viewing habits. Following a hearing, at which defendant did not contest the assessment of points but opposed the requested departure, County Court classified defendant as a risk level two sex offender. Defendant appeals.
"An upward departure from a presumptive risk classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (People v Lavelle, 172 AD3d 1568, 1569 [2019] [internal quotation marks and citations omitted], lv denied 33 NY3d 909 [2019]; accord People v Eiss, 158 AD3d 905, 906 [2018], lv denied 31 NY3d 907 [2018]). Here, the upward departure was based upon, among other things, the number of child pornography images that defendant possessed, the duration of his child pornography habit and his history of attraction to children. Specifically, the case summary reflects that defendant was in possession of 346 confirmed child pornography images, as well as 816 other images that may constitute child pornography. Defendant admitted to being addicted to child pornography, viewing and masturbating to such images for five years before his arrest, and being attracted to children for approximately 30 years. Such information — set forth in the case summary and presentence investigation report — as well as defendant's underlying conviction and his admissions, provide clear and convincing evidence of the existence of aggravating factors "that [are] not otherwise adequately taken into account by the risk assessment guidelines" (People v Stacconi, 81 AD3d 1046, 1047 [2011]; see People v Eiss, 158 AD3d at 907). As such, we find no abuse of discretion in County Court granting an upward departure classifying defendant as a risk level two sex offender.
Garry, P.J., Egan Jr., Mulvey and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.