People v Lake (2020 NY Slip Op 02505)





People v Lake


2020 NY Slip Op 02505


Decided on April 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 30, 2020

525432

[*1]The People of the State of New York, Respondent,
v
Beth A. Lake, Appellant.

Calendar Date: March 23, 2020

Before: Egan Jr., J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Michael P. Graven, Owego, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (John R. Thweatt of counsel), for respondent.



Colangelo, J.
Appeal from an order of the County Court of Chemung County (Baker, J.), entered July 19, 2017, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2008, defendant pleaded guilty in federal court to possession of child pornography and was sentenced to a period of imprisonment and, thereafter, to supervised release. In 2017, defendant, who had completed the sentence imposed, relocated to New York and, as a result of her federal conviction, was required to register as a sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C). The Board of Examiners of Sex Offenders prepared a risk assessment instrument placing defendant as a risk level one sex offender with a total of 35 points, but recommended an upward departure to a risk level two sex offender. The People agreed with the Board's assessment that an upward departure to a risk level two classification was warranted, contending that aggravating factors existed that were not taken into account by the risk assessment guidelines. County Court classified defendant as a risk level two sex offender. Defendant appeals.
We are unpersuaded by defendant's contention that County Court abused its discretion in granting an upward departure. "An upward departure from a presumptive risk classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (People v Eiss, 158 AD3d 905, 906 [2018] [internal quotation marks, brackets and citation omitted], lv denied 31 NY3d 907 [2018]; see People v Gillotti, 23 NY3d 841, 861 [2014]). County Court relied on aggravating factors set forth in the federal presentence investigation report (hereinafter PSI) that included information that defendant convinced the victim's grandmother to assign her guardianship of the victim and solicited a sexual relationship between the victim and an adult male by, among other things, sending him sexually explicit nude photographs of the victim that defendant had taken. Defendant engaged another minor in her care to take sexually explicit pictures of the victim, allowed three adult males to have sexual contact with the victim in her presence, and received money from one of the adult males in exchange for the victim engaging in sexual contact with him. Contrary to defendant's contention, "the PSI and case summary constitute reliable hearsay and provide clear and convincing evidence supporting defendant's classification as a risk level two sex offender" (People v Phillips, 177 AD3d 1108, 1110 [2019]; see People v Parisi, 147 AD3d 1162, 1164 [2017]; see also Correction Law § 168-n [3]). In view of the reliable hearsay evidence, which provides clear and convincing evidence that aggravating factors exist, we find no abuse of discretion in the court concluding that an upward departure to a risk level two classification was warranted (see People v Perry, 174 AD3d 1234, 1236 [2019], lv denied 34 NY3d 905 [2019];People v DePerno, 165 AD3d 1351, 1353 [2018], lv denied 32 NY3d 915 [2019]).
Egan Jr., J.P., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.