People v Benton (2020 NY Slip Op 03699)





People v Benton


2020 NY Slip Op 03699


Decided on July 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 2, 2020

525511

[*1]The People of the State of New York, Respondent,
v
Marvin Benton, Appellant.

Calendar Date: June 12, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ.


Stephen W. Herrick, Public Defender, Albany (Leona D. Jochnowitz of counsel), for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



Colangelo, J.
Appeal from an order of the County Court of Albany County (Lynch, J.), entered August 3, 2017, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In January 2011, defendant pleaded guilty in federal court to receipt of child pornography and was sentenced to 90 months in federal prison followed by 10 years of postrelease supervision. Following his release, defendant took up residence in this state, where he was required to register as a sex offender (see Correction Law § 168-a [2] [d] [iii]). The Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) that assessed defendant 30 points under risk factor five (age of victims). Although this resulted in a presumptive risk level one classification, the Board sought an upward departure to a risk level two classification. The People prepared a separate RAI, wherein they sought to impose an additional 30 points for the number of victims (risk factor 3), 20 points for defendant's relationship with the victims (risk factor 7), 15 points for defendant's history of drug or alcohol abuse (risk factor 11) and 10 points for his conduct while supervised (risk factor 13). Although such scoring yielded 105 points, which presumptively classified defendant as a risk level two sex offender (105 points), the People sought an upward departure to a risk level three classification. Following a hearing, County Court found that defendant was a presumptive risk level two sex offender (based upon the 105 points reflected in the People's RAI), denied defendant's request for a downward departure, granted the People's request for an upward departure and classified defendant as a risk level three sex offender. This appeal ensued.
The People bear the burden of establishing the appropriate risk level classification by clear and convincing evidence (see People v Phillips, 177 AD3d 1108, 1109 [2019]; People v Bush, 172 AD3d 1827, 1828 [2019]; People v Hinson, 170 AD3d 1385, 1386 [2019]) and, to that end, may rely upon the RAI and accompanying case summary, as well as the presentence investigation report and any statements provided by the victim(s) to law enforcement (see People v George, 177 AD3d 1045, 1045 [2019], lv denied 35 NY3d 901 [2020]; People v Liddle, 159 AD3d 1286, 1286 [2018], lv denied 32 NY3d 905 [2018]; People v Saunders, 156 AD3d 1138, 1139 [2017]).[FN1]
Defendant initially challenges the points assessed under risk factors 3 and 7 — citing a position statement authored by the Board and the decision rendered in People v Gillotti (23 NY3d 841 [2014]) for the proposition that imposing points under these two risk factors potentially overestimates the risk that Internet child pornographers — like defendant — will reoffend. That concern notwithstanding, which "may be addressed through the discretionary downward departure process," there is no question that "the risk assessment guidelines permit imposing points under the cited risk factors" (People v Coe, 167 AD3d 1175, 1177 [2018]), that the children depicted in pornographic images count as separate victims for purposes of risk factor 3 and that points may be assessed under risk factor 7 when "the victimized children portrayed in the images possessed by [the] defendant were strangers to him [or her]" (People v Graziano, 140 AD3d 1541, 1542 [2016], lv denied 28 NY3d 909 [2016]; see People v Phillips, 177 AD3d at 1109; People v Bernecky, 161 AD3d 1540, 1540-1541 [2018], lv denied 32 NY3d 901 [2018]; People v Poole, 90 AD3d 1550, 1550-1551 [2011]).
Here, the presentence investigation report established that defendant possessed approximately 20,000 still images and 2,000 videos containing child pornography, and federal authorities were able to identify 38 known victims in the files recovered from defendant's computer and external hard drive. Additionally, nothing in the record suggests that defendant had contact with any of the victims, thereby rendering them strangers for purposes of the RAI. Under these circumstances, we are satisfied that there is clear and convincing evidence to support the points assessed under risk factors 3 and 7 as set forth in the People's RAI.
Defendant next contests the points assessed under risk factors 11 (drug or alcohol abuse) and 13 (conduct while supervised). The sufficiency of the People's proof as to risk factor 11 need not detain us; assuming, without deciding, that defendant should not have been assessed 15 points under this risk factor, subtracting those points from defendant's overall score (105 points) still results in a presumptive risk level two classification. As to the points imposed under risk factor 13, which stemmed from defendant's October 2010 arrest for an alcohol-related driving offense, defendant argues that this incident was occasioned by the stress of his then-looming guilty plea to the child pornography charge in federal court and, therefore, he should not be assessed points under this risk factor. Regardless of the underlying circumstances, the fact remains that defendant's conduct while he was released under supervision was unsatisfactory, thus justifying the 10 points scored under this risk factor. Contrary to defendant's assertion, any assessment of points under both risk factors 11 and 13 would not amount to impermissible double counting — notwithstanding the fact that defendant's unsatisfactory conduct while supervised was alcohol-related (see People v Williamson, 181 AD3d 1100, 1102 [2020]; People v Carlberg, 145 AD3d 1646, 1647 [2016]). As we are satisfied that there is clear and convincing evidence to support the finding that defendant is a presumptive risk level two sex offender, we turn to the People's request for an upward departure and defendant's request for a downward departure.
"An upward departure from a presumptive risk level classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (People v Perry, 174 AD3d 1234, 1235 [2019] [internal quotation marks, brackets and citations omitted], lv denied 34 NY3d 905 [2019]; see People v Walters, 181 AD3d 1106, 1106 [2020]). Even if we were to agree that the number of images possessed by defendant was adequately encompassed by the points assessed under risk factor 3 and, therefore, should not have been considered by County Court as a basis for the upward departure, both the nature of the images — which reportedly depicted, among other things, "minors being subjected to sadistic and masochistic sexual conduct" and "acts of bestiality" — and the duration of defendant's child pornography habit — which spanned approximately eight years and consisted of downloading child pornography on a weekly basis for his admitted sexual gratification — were aggravating factors not otherwise encompassed by the RAI, factors that fully justified the upward departure to a risk level three classification (cf. People v Walters, 181 AD3d at 1107). Defendant's request for a downward departure was based solely on "the over-skewing of points" under risk factors 3 and 7 — an argument that we find unpersuasive under the particular facts of this case. Defendant's remaining arguments, to the extent not expressly addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Mulvey and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: We reject defendant's assertion that County Court erred in admitting into evidence the entire federal presentence investigation report, which included what defendant characterizes as generic and irrelevant victim impact statements. Defense counsel acknowledged at the hearing that the presentence investigation report constituted reliable hearsay, and the People represented that they did not use the information contained in the victim impact statements for purposes of computing defendant's score under the RAI. Hence, we discern no error in this regard.