People v Harper (2020 NY Slip Op 06419)





People v Harper


2020 NY Slip Op 06419


Decided on November 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

527967

[*1]The People of the State of New York, Respondent,
v
Arthur A. Harper, Appellant.

Calendar Date: October 13, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Alexander A.V. Nichols of counsel), for respondent.



Egan Jr., J.P.
Appeal form an order of the County Court of St. Lawrence County (Richards, J.), entered August 27, 2018, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
Defendant pleaded guilty to criminal sexual act in the first degree in 2008 and was sentenced to 12 years in prison. Prior to his release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument in accordance with the Sex Offender Registration Act (see Correction Law art 6-C) placing defendant as a risk level one sex offender with a total of 65 points. The People requested an upward departure to a risk level two classification based upon defendant's admitted sexual abuse of another family member 25 years earlier that was not taken into account by the risk assessment guidelines. County Court classified defendant as a level two sexually violent offender. Defendant appeals.
"An upward departure from a presumptive risk level classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (People v Benton, 185 AD3d 1103, 1106 [2020] [internal quotation marks and citations omitted], lv denied ___ NY3d ___ [Oct. 22, 2020]; accord People v Lake, 182 AD3d 936, 937 [2020]). The People submitted defendant's signed statement to the Ogdensburg Police Department in connection with the underlying conviction, wherein, in discussing his criminal sexual conduct with the victim, he admitted that he "did this to" another family member when that family member was the victim's age. In addition, the presentence investigation report reflects that defendant again admitted to molesting a family member in the 1980s. Contrary to defendant's contention, such admissions by defendant regarding his past conduct — even without additional corroboration — "provide clear and convincing evidence of the existence of aggravating factors that are not otherwise adequately taken into account by the risk assessment guidelines" (People v Walters, 181 AD3d 1106, 1107 [2020] [internal quotation marks, brackets and citations omitted]; see People v Lavelle, 172 AD3d 1568, 1569-1570 [2019], lv denied 33 NY3d 909 [2019]; People v Headwell, 156 AD3d 1263, 1264 [2017], lv denied 31 NY3d 902 [2018]). As such, we find that County Court did not abuse its discretion in granting an upward departure classifying defendant as a risk level two sexually violent offender.
Mulvey, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.