People v Courtney (2022 NY Slip Op 00924)





People v Courtney


2022 NY Slip Op 00924


Decided on February 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 10, 2022

532832
[*1]The People of the State of New York, Respondent,
v
Timothy Courtney, Appellant.

Calendar Date:January 14, 2022

Before:Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ.

E. Stewart Jones Hacker Murphy, LLP, Troy (Julie A. Nociolo of counsel), for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (John Latella of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the County Court of Saratoga County (Murphy III, J.), entered August 12, 2020, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2008, defendant pleaded guilty in federal court to advertising for the receipt and possession of child pornography stemming from his possession of hundreds of sexually-explicit images of minors and his operation of a file server advertising the distribution of said images (see 18 USC § 2251 [c]; [d] [1] [A]; [2] [B]). He was thereafter sentenced to 180 months in prison and 10 years of postrelease supervision. Following his release, defendant took up residence in this state, where he was required to register as a sex offender (see Correction Law § 168—a [2] [d] [iii]). The Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that assigned him a total of 90 points and presumptively placed him in the risk level two classification, with the comment that an upward departure may be warranted. The People, in turn, prepared an RAI assigning a total of 100 points — again, presumptively placing defendant in the risk level two classification — but nevertheless arguing that an upward departure to a risk level three was warranted given the violent nature of some of the sexually explicit images in defendant's possession, the time frame in which they were collected, and certain of defendant's actions, namely, his alleged illicit sexual activity with a minor female patient in the hospital where he worked as a pediatric nurse. In contrast, defendant argued that he should instead be scored at a risk level one or that, in the alternative, a downward departure is warranted. Following a hearing, County Court agreed with the People that defendant should be assessed 100 points, placing him at a presumptive risk level two classification, but that an upward departure to a risk level three was warranted based upon various aggravating factors. This appeal ensued.
We affirm. Defendant contends that he should not have been assessed points under risk factors 3, 7 or 11. SORA provides that the People bear the burden of proving the facts supporting a defendant's risk level classification by "clear and convincing evidence" (Correction Law § 168-n [3]; see People v Conrad, 193 AD3d 1187, 1188 [2021]). As to risk factor 3, the assignment of 20 points is warranted if "[t]here were two victims" and 30 points if "[t]here were three or more victims" (Sex Offender Registration Act Risk Assessment Guidelines and Commentary at 10 [2006]). Under risk factor 7, 20 points may be assessed where, as is pertinent here, "[t]he offender's crime
. . . was directed at a stranger" or "arose in the context of a professional or avocational relationship between the offender and the victim and was an abuse of that relationship" (Sex Offender Registration [*2]Act Risk Assessment Guidelines and Commentary at 12 [2006]). "[C]hildren depicted in pornographic images count as separate victims for purposes of risk factor 3 and . . . points may be assessed under risk factor 7 when the victimized children portrayed in the images possessed by the defendant were strangers to him or her" (People v Benton, 185 AD3d 1103, 1105 [2020] [internal quotation marks, brackets and citation omitted], lv denied 35 NY3d 916 [2020]; see People v Parisi, 147 AD3d 1162, 1164 [2017]). Here, the Board's case summary reflects that the pornographic images in defendant's possession depicted multiple victims between the ages of approximately three years old to adolescence and, with the exception of a 17-year-old with whom defendant had established a sexual relationship through his role as her pediatric nurse, there is no indication that defendant personally knew any of the other victims. Accordingly, clear and convincing evidence supports County Court's assessment of 30 points under risk factor 3 and 20 points under risk factor 7 (see People v Conrad, 193 AD3d 1187, 1189 [2021]; People v Guyette, 140 AD3d 1555, 1556 [2016]; People v Graziano, 140 AD3d 1541, 1542 [2016], lv denied 28 NY3d 909 [2016]).
As to risk factor 11, 15 points may be warranted where the offender has a history of substance abuse "or was abusing drugs and or alcohol at the time of the offense" (Sex Offender Registration Act Risk Assessment Guidelines and Commentary at 15 [2006]). "Alcohol and drug abuse are highly associated with sex offending . . . not [because they] cause deviate behavior [but,] rather, [because they] serve[] as a disinhibitor and therefore [are] a precursor to offending" (Sex Offender Registration Act Risk Assessment Guidelines and Commentary at 15 [2006]; see People v Liddle, 159 AD3d 1286, 1287 [2018], lv denied 32 NY3d 905 [2018]). The case summary accompanying the Board's RAI contains defendant's admission that he had a history of alcohol abuse and that he began to collect pornographic images and videos of minors "during a time when he felt unbearably alone and was drinking heavily." Despite defendant's asserted sobriety and participation in alcohol abuse programs, we note that "a history of abstinence while incarcerated is not necessarily predictive of his behavior when no longer under such supervision" (People v Williamson, 181 AD3d 1100, 1101 [2020] [internal quotation marks and citations omitted]). In view of his admission that his crime was influenced, at least in part, by his alcohol abuse, as well as his lengthy history of substance abuse, we find that clear and convincing evidence supports County Court's assessment of 15 points under this risk factor (see People v Pidel, 195 AD3d 1321, 1324 [2021], lv denied 37 NY3d 915 [2021]; People v Liddle, 159 AD3d at 1287; People v Middlemiss, 153 AD3d 1096, 1097 [2017], lv denied 30 NY3d 906 [2017]). Accordingly, we find that defendant was properly assessed a total of 100 points, resulting [*3]in a presumptive risk level two classification.
Defendant next challenges County Court's upward departure to a risk level three classification as improper upon the basis that the evidence supporting the court's determination was already adequately accounted for by the SORA guidelines. Initially, "[a]n upward departure from a presumptive risk classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (People v Lake, 182 AD3d 936, 937 [2020]; see People v Gillotti, 23 NY3d 841, 861 [2014]). "An aggravating factor, in turn, is one which tends to establish a higher likelihood of reoffense or danger to the community . . . than the presumptive risk level calculated on the risk assessment instrument" (People v Perry, 174 AD3d 1234, 1235 [2019] [internal quotation marks, brackets and citations omitted], lv denied 34 NY3d 905 [2019]). Relevant here, although the SORA guidelines regarding an offender's prior criminal history do not permit the assessment of points for an "act of sexual misconduct for which there has been no . . . judicial determination," an upward departure may be warranted "if there is clear and convincing evidence that the conduct occurred" (Sex Offender Registration Act Risk Assessment Guidelines and Commentary at 4-5, 7 [2006]).
Here, County Court's decision to grant an upward departure was based upon the People's evidence of defendant's rapid accumulation of roughly 600 pornographic images of children over a short period of time, his active and detailed dissemination of these images, the egregious nature of certain images depicting the "sadomasochistic bondage" of a child, and his abuse of his role as a pediatric hospital nurse to provide alcohol and drugs to a minor in exchange for oral sex on two occasions — once when the minor was his patient and once after she was discharged — among other reasons. In view of the foregoing, and as the specific aspects of defendant's conduct forming the basis of the court's decision are not already taken into account by the RAI, we find no abuse of discretion in the court concluding that an upward departure to a risk level three classification was warranted (see People v Benton, 185 AD3d at 1106; People v Walters, 181 AD3d 1106, 1106-1107 [2020]; see also People v Brown, 190 AD3d 1120, 1123 [2021]).
Garry, P.J., Clark and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.