People v Scrom (2022 NY Slip Op 03292)

People v Scrom

2022 NY Slip Op 03292

Decided on May 19, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 19, 2022

531260
[*1]The People of the State of New York, Respondent,
v
Paul L. Scrom, Appellant.

Calendar Date:April 27, 2022

Before:Clark, J.P., Pritzker, Colangelo, Ceresia and McShan, JJ.

Angela Kelley, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Colangelo, J.
Appeal from an order of the County Court of Schenectady County (Sypniewski, J.), entered November 4, 2019, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2014, defendant pleaded guilty in federal court to distribution of child pornography and was sentenced to six years in prison to be followed by 10 years of postrelease supervision (see 18 USC §§ 2252A [a] [2] [A]; [b] [1]; 2256 [8] [A]). The charge stemmed from defendant's conduct in downloading from the Internet, onto his personal computer and a thumb drive, images and movie files depicting children, some prepubescent, engaged in sexually explicit poses and conduct, some involving bondage and sadomasochism. Defendant also made some of the images and videos available to be downloaded by others on the Internet using a peer-to-peer file sharing network. Following his release, defendant took up residence in this state, where he was required to register as a sex offender (see Correction Law § 168-a [2] [d] [iii]). The Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) under the Sex Offender Registration Act (see Correction Law art 6—C [hereinafter SORA]) that assigned him a total of 30 points and presumptively placed him in the risk level one classification, with a comment in the case summary that an upward departure may be warranted if additional information supporting potential aggravating factors were produced. The People, in turn, assigned a total of 80 points, adding 30 points under risk factor 3 for three or more victims and 20 points under risk factor 7 for criminal conduct directed at strangers, presumptively placing defendant in the risk level two classification. Following a hearing at which defendant argued that County Court should adopt the Board's recommendation and opposed the People's assessment of points under risk factors 3 and 7, County Court agreed with the People that defendant should be assessed 80 points and classified him as a risk level two sex offender. Defendant appeals.
We affirm, rejecting defendant's argument to the extent that he contends that he should not have been assessed points under risk factors 3 and 7. Points are properly assessed under risk factor 3 if "there were three or more victims" (Sex Offender Registration Act Risk Assessment Guidelines and Commentary at 10 [2006]), and 20 points may be assessed under risk factor 7 where, as is pertinent here, "the offender's crime . . . was directed at a stranger" (Sex Offender Registration Act Risk Assessment Guidelines and Commentary at 12 [2006]; see People v Gillotti, 23 NY3d 841, 852, 854-855 [2014]). As County Court recognized, "children depicted in pornographic images count as separate victims for purposes of risk factor 3 and
. . . points may be assessed under risk factor 7 when the victimized children portrayed in the images possessed by the defendant were strangers to him or her" (People v Benton[*2], 185 AD3d 1103, 1105 [2020] [internal quotation marks, brackets and citation omitted], lv denied 35 NY3d 916 [2020]; see People v Gillotti, 23 NY3d at 844-845; People v Johnson, 11 NY3d 416, 419-421 [2008]; People v Courtney, 202 AD3d 1246, 1247 [2022]; People v Kemp, 163 AD3d 1339, 1341-1342 [2018], lv denied 32 NY3d 919 [2019]; People v Parisi, 147 AD3d 1162, 1164 [2017]; People v Poole, 90 AD3d 1550, 1550-1551 [2011]). To that end, "factor 3 draws no distinction between victims of child pornography offenses and victims of other sex crimes" (People v Gillotti, 23 NY3d at 855), as "[t]he whole point of the child pornography statutes is to protect children like these from exploitation by pornographers — an exploitation to which defendant, by consuming [and distributing] the pornographers' product, contributed" (People v Johnson, 11 NY3d at 420).[FN1] Thus, although the assessment of points under risk factors 3 and 7 may sometimes result in an excessive risk calculation in a manner not contemplated by the SORA guidelines or the statute (see People v Gillotti, 23 NY3d at 845), the proof in this case supports the court's assessment of points under each of these risk factors.
To the extent that defendant argues that County Court erred in declining to grant a downward departure, this claim was not preserved as the record does not reflect that he ever expressly asked for this relief before or at the hearing and his objections to the assessment of points under risk factors 3 and 7 did not constitute a downward departure request (see People v Johnson, 11 NY3d at 422). Even were we to view defendant's request for a risk level one designation as seeking a downward departure, which the court effectively denied for the reasons stated in assessing points under the disputed risk factors, we would find no abuse of discretion. Our review of the record establishes that defendant did not demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines so as to warrant a downward departure (see People v Gillotti, 23 NY3d at 861). The images and videos, described in the case summary and federal presentence report, are graphic and depict disturbing content and infants as young as two and three years old being sexually assaulted, fully supporting the denial of a downward departure. Furthermore, given the content, quantity, distribution and nature of the images and videos, defense counsel cannot be found to have been ineffective for failing to explicitly argue for a downward departure, as that argument "ha[d] little or no chance of success" given the absence of compelling mitigating factors (People v Green, 201 AD3d 1137, 1138 [2022] [internal quotation marks and citations omitted], lv denied ___ NY3d ___ [Apr. 28, 2022]). Counsel made relevant but ultimately unpersuasive arguments in favor of the Board's assessment and against the inclusion of points under the disputed risk [*3]factors, comparable to what would have been made and rejected upon a downward departure request. We have examined defendant's remaining contentions and find that they similarly lack merit.
Clark, J.P., Pritzker, Ceresia and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: As the Board itself recognizes in its position paper, "[pornographic] images [of children] are in essence crime scene photos of children being sexually abused, and the increased demand for these images results in further sexual victimization of children" (Scoring of Child Pornography Cases Position Statement, quoted in People v Gillotti, 23 NY3d at 854). The SORA court is not bound by the Board's position statement which, it bears emphasis, does not preclude assessment of points under risk factors 3 or 7 in classifying child pornographers where the evidence permits (see People v Gillotti, 23 NY3d at 860; People v Brown, 190 AD3d 1120, 1122-1123 [2021]; see also Correction Law § 168-n [3]).