People v Howland (2022 NY Slip Op 06967)

People v Howland

2022 NY Slip Op 06967

Decided on December 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 8, 2022

530313
[*1]The People of the State of New York, Respondent,
v
Brian Howland, Appellant.

Calendar Date:November 16, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and McShan, JJ.

Rural Law Center of New York, Inc., Castleton (Kelly L. Egan of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Robert P. McCarty of counsel), for respondent.

Egan Jr., J.P.
Appeal from an order of the County Court of Warren County (John S. Hall Jr., J.), entered June 6, 2019, which designated defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In November 2006, defendant was arrested and charged in an indictment with various crimes, including sexual abuse in the second degree (three counts), endangering the welfare of a child (10 counts), possessing an obscene sexual performance by a child (nine counts) and possessing a sexual performance by a child (nine counts). The charges stemmed from defendant engaging in oral and anal sexual conduct with the 12-year-old victim and possessing child pornography. In April 2007, defendant pleaded guilty in federal court to possession of child pornography, based upon evidence obtained in the November 2006 arrest, and he was thereafter sentenced to 10 years in federal prison and lifetime supervision. In May 2007, defendant pleaded guilty to criminal sexual act in the first degree in County Court and the court sentenced him to 14 years in prison, followed by five years of postrelease supervision, with the sentence to run concurrently to his federal sentence.
In advance of defendant's release from prison, the Board of Examiners of Sex Offenders submitted a risk assessment instrument in accordance with the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]) that, based upon a total score of 65 points, presumptively classified him as a risk level one sex offender. The Board, however, recommended a departure to a risk level two sex offender classification. The People advocated for the assessment of 125 points, which added 30 points under risk factor 3 (number of victims), an additional 10 points under risk factor 5 (age of victim - 10 or less) and 20 points under risk factor 7 (relationship with victim - stranger), presumptively classifying defendant as a risk level three sex offender. County Court adopted the additional points assessed by the People and classified defendant as a risk level three sex offender. Defendant appeals.
Defendant challenges County Court's assignment of points under risk factors 3 and 7. Under SORA, the People "bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n [3]; see People v Mingo, 12 NY3d 563, 571 [2009]; People v Secor, 171 AD3d 1314, 1315 [3d Dept 2019]). Regarding the assessment of points under risk factor 3, it is well settled that "the children depicted in child pornography are necessarily counted as victims under [risk] factor 3, . . . permit[ting] the assessment of 30 points whenever 'there were three or more victims' involved" (People v Gillotti, 23 NY3d 841, 855 [2014] [brackets omitted], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]; see People v Scrom, 205 AD3d 1238, 1239-1240 [3d Dept 2022], lv denied 38 NY3d 914 [2022]; People v Courtney, 202 AD3d 1246[*2], 1247-1248 [3d Dept 2022]). Moreover, "points may be assessed under risk factor 7 when the victimized children portrayed in the images possessed by the defendant were strangers to him or her" (People v Benton, 185 AD3d 1103, 1105 [3d Dept 2020] [internal quotation marks, brackets and citation omitted], lv denied 35 NY3d 916 [2020]; accord People v Scrom, 205 AD3d at 1239-1240). The pornographic images possessed by defendant that were presented to the grand jury depict three or more victims under the age of 16. Further, defendant admitted in his federal plea agreement that he obtained the images from "individuals and sites located outside the State of New York, via the Internet" (see generally People v Labrake, 121 AD3d 1134, 1135 [3d Dept 2014]) and "there is no indication that defendant personally knew" any of the victims in the images (People v Courtney, 202 AD3d at 1248). Accordingly, clear and convincing evidence supports the assessment of 30 points under risk factor 3 and 20 points under risk factor 7 (see id.; People v Conrad, 193 AD3d 1187, 1189 [3d Dept 2021]; People v Benton, 185 AD3d at 1105). Although defendant also challenges the 30 points assessed under risk factor 5 (age of the victim - 10 or less), he concedes that there is proof supporting the assessment of 20 points under that risk factor (age of victim - 11 through 16) based upon the 12-year-old victim of his crime of criminal sexual act in the first degree. Therefore, even assuming, without deciding, that defendant should not have been assessed 30 points in this risk factor for one of the victims of child pornography being 10 years old or less, subtracting the 10 additional points from defendant's overall score (125 points) still results in a score of 115 points and a presumptive risk level three classification.
Defendant further argues, and the People concede, that County Court failed to address his request for a downward departure. We agree and, inasmuch as County Court did not set forth on the record any findings or conclusions on the request, we are unable to assess the court's reasoning for the implicit denial thereof. "Consequently, we reverse and remit so that County Court may determine whether or not to order a departure from the presumptive risk level indicated by the offender's guidelines factor score and to set forth its findings of fact and conclusions of law as required" (People v Conrad, 193 AD3d at 1189-1190; see People v Hoffman, 199 AD3d 1080, 1082 [3d Dept 2021]).
Lynch, Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of Warren County for further proceedings not inconsistent with this Court's decision.