People v Abreu (2024 NY Slip Op 02561)

People v Abreu

2024 NY Slip Op 02561

Decided on May 9, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 9, 2024

532396
[*1]The People of the State of New York, Respondent,
v
Eduardo Abreu, Appellant.

Calendar Date:March 29, 2024

Before:Garry, P.J., Clark, Pritzker, Ceresia and Mackey, JJ.

Stephen W. Herrick, Public Defender, Albany (Alexandria L. Girimonte of counsel), for appellant.
P. David Soares, District Attorney, Albany (Erin N. LaValley of counsel), for respondent.

Clark, J.
Appeal from an order of the County Court of Albany County (William A. Carter, J.), entered August 27, 2020, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2015, defendant pleaded guilty in federal court to possession of child pornography (see 18 USC § 2252A [a] [5] [B]) and was sentenced to a term of imprisonment of three years to be followed by six years of postrelease supervision. In 2020, following his earlier release from incarceration, defendant relocated to New York and was required to register as a sex offender based upon this prior offense. The Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that assigned defendant a total of 30 points, all under risk factor 5 (age of victim), presumptively classifying him as a risk level one sex offender. The People prepared their own RAI assigning defendant a total of 80 points, presumptively classifying him as a risk level two sex offender, by adding 30 points under risk factor 3 (number of victims) and 20 points under risk factor 7 (relationship with victim) or, in the alternative, requested an upward departure to a risk level two sex offender. At the ensuing risk classification hearing, defendant objected to the assessment of points under risk factors 3 and 7 and, if the court disagreed, requested a downward departure to a risk level one classification. County Court scored defendant with 80 points, adopting the assessment of points in the People's RAI, denied defendant's request for a downward departure, and classified him as a risk level two sex offender. Defendant appeals.
Defendant's primary argument on appeal is that County Court abused its discretion in denying his motion for a downward departure. To determine whether a departure from the presumptive risk level is appropriate, County Court must engage in a three-part inquiry. First, the court must determine whether the alleged aggravating or mitigating circumstances "are, as a matter of law, of a kind or to a degree not adequately taken into account by the guidelines"; second, whether the People have established the existence of any aggravating circumstances by clear and convincing evidence and whether the defendant has established the existence of any mitigating circumstances by a preponderance of the evidence; and third, "the court must exercise its discretion [and] weigh[ ] the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d 841, 861 [2014]; see People v Kemp, 163 AD3d 1339, 1340-1341 [3d Dept 2018], lv denied 32 NY3d 919 [2019]).
At the hearing, the People relied on the Board's case summary and the 2015 federal presentence investigation report (hereinafter [*2]the federal PSI), as well as additional documents from the federal court,[FN1] while defendant testified on his own behalf. County Court then assessed defendant 80 points, presumptively classifying him as a risk level two sex offender, and denied his request for a downward departure, without engaging in the three-part inquiry or setting forth its findings or conclusions for denying said request. Ordinarily, this would require reversal and remittal to allow the court to set forth the requisite findings of fact and conclusions of law (see People v Howland, 211 AD3d 1189, 1191 [3d Dept 2022]; People v Conrad, 193 AD3d 1187, 1189-1190 [3d Dept 2021]; People v Phillips, 177 AD3d 1108, 1110 [3d Dept 2019]). However, this case presents unusual circumstances, as the appellate record is woefully incomplete. This Court underwent extensive efforts to obtain the federal documents relied upon by County Court but was informed that, upon the conclusion of the proceedings, these kinds of federal documents are either returned or destroyed and, as such, are unavailable for our review through no fault of defendant.[FN2] We are conscious that documents underlying a SORA determination often involve sensitive information, but it is axiomatic that meaningful appellate review requires a clear and complete record as, without it, appellate courts are left "unable to render an informed decision on the merits" (Bouchey v Claxton-Hepburn Med. Ctr., 117 AD3d 1216, 1216 [3d Dept 2014]; see e.g. People v Busch-Scardino, 158 AD3d 988, 989 [3d Dept 2018]; Matter of Charles A. v State of New York, 101 AD3d 1535, 1538-1539 [3d Dept 2012]). Indeed, appellate records must "include accurate reproductions of the [relevant] submissions made to the court of original instance" (Rules of App Div, All Depts [22 NYCRR] § 1250.7 [a]; see CPLR 5526). Thus, to ensure that appellate review is not stymied, trial courts and clerks' offices must ensure that records of court proceedings are preserved. As relevant portions of the record submitted to, and reviewed by, County Court are unavailable, we must reverse the order on appeal and remand this matter for a new hearing. County Court should then assess points in accordance with SORA and, upon a request for a departure from the presumptive risk level, exercise its discretion to conduct the appropriate three-part inquiry and determine whether a departure is appropriate, ensuring to set forth its findings of fact and conclusions of law (see People v Gillotti, 23 NY3d at 860; People v Howland, 211 AD3d at 1191).[FN3]
Garry, P.J., Pritzker, Ceresia and Mackey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Specifically, the People relied on and read directly from a "letter from the US District Court" and a document they referred to as "the Government's memorandum," neither of which are included in the record on appeal.

Footnote 2: After additional efforts, this Court was able to obtain and review the federal PSI.

Footnote 3: We reject defendant's contention that he was denied the effective assistance of counsel. Viewed in totality as of the time of the representation, the record reveals that defense counsel provided defendant with meaningful representation (see People v Arroyo, 202 AD3d 1212, 1214 [3d Dept 2022], lv denied 38 NY3d 910 [2022]; People v Stein, 194 AD3d 1201, 1202-1203 [3d Dept 2021], lv denied 37 NY3d 913 [2021]; People v Gressler, 166 AD3d 1249, 1250 [3d Dept 2018], lv denied 32 NY3d 918 [2019]).