People v Dority (2025 NY Slip Op 00499)

People v Dority

2025 NY Slip Op 00499

Decided on January 30, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 30, 2025

535883
[*1]The People of the State of New York, Respondent,
v
Bruce Dority, Appellant.

Calendar Date:January 6, 2025

Before:Garry, P.J., Pritzker, Ceresia, Powers and Mackey, JJ.

Stephen W. Herrick, Public Defender, Albany (James A. Bartosik Jr. of counsel), for appellant.
Lee C. Kindlon, District Attorney, Albany (Emily A. Schultz of counsel), for respondent.

Garry, P.J.
Appeal from an order of the County Court of Albany County (William Little, J.), entered July 12, 2022, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
During the course of a federal investigation, defendant solicited a friend to find and deliver to him a young child for sexual contact. The friend later returned to defendant with a federal agent posing as a five-year-old child, and defendant was arrested upon paying the friend and attempting to retrieve "the child." An ensuing search of defendant's home uncovered roughly 780 images of child pornography. Thereafter, in June 2015, defendant pleaded guilty in federal court to receipt of child pornography and possession of child pornography depicting prepubescent minors or minors who had not attained 12 years of age (see 18 USC § 2252A [a] [2] [A]; [5] [B]). He was sentenced to 112 months in prison, to be followed by postrelease supervision for life (see 18 USC § 2252A [b] [1], [2]). Due to the nature of his conviction, defendant was required to register as a sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]; Correction Law § 168-a [2] [d] [ii]). In preparation for defendant's hearing to determine his SORA risk level classification, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI), which presumptively classified defendant as a risk level one sex offender. The Board recommended, however, that an upward departure be granted to a risk level two classification. The People also prepared an RAI, assessing defendant greater points and presumptively classifying him as a risk level three sex offender. In the alternative, the People contended that an upward departure to a risk level three classification was warranted. Following a hearing, County Court assessed defendant 110 points, rendering him a presumptive risk level three sex offender, and denied his request for a downward departure. Defendant appeals.
Initially, we are unpersuaded by defendant's challenge to County Court's assessment of points under risk factor 7 (relationship to the victim). In determining a defendant's risk level classification under SORA, the People "bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n [3]). Where the underlying offense relates to child pornography, "points may be assessed under risk factor 7 when the victimized children portrayed in the images possessed by the defendant were strangers to him or her" (People v Benton, 185 AD3d 1103, 1105 [3d Dept 2020] [internal quotation marks, brackets and citation omitted], lv denied 35 NY3d 916 [2020]; accord People v Howland, 211 AD3d 1189, 1190 [3d Dept 2022]). The record reflects that defendant admitted during the underlying investigation to having viewed "child erotica" online, and the subsequent search of his computer revealed more than 80 [*2]internet searches to obtain child pornography online. There is no indication in the record that defendant personally knew any of the victims in the images. Accordingly, clear and convincing evidence supports the assessment of 20 points under risk factor 7 (see People v Kraft,229 AD3d 1016, 1017 [3d Dept 2024]; People v Howland, 211 AD3d at 1190-1191; People v Courtney, 202 AD3d 1246, 1248 [3d Dept 2022]). Contrary to defendant's contentions, the court was allowed to further rely upon the Board's case summary and his federal presentence report in rendering its determination (see People v Mingo, 12 NY3d 563, 573-574 [2009]; People v Fredenburg, 226 AD3d 1268, 1269 [3d Dept 2024]).
Turning to the denial of defendant's request for a downward departure, his arguments in this regard center primarily upon his contention that, because his underlying conviction was for the receipt and possession of pornography, the assessment of points under risk factors 3 (number of victims) and 7 (stranger) resulted in an overassessment of his risk of further exploiting children. "Although the Court of Appeals has recognized in child pornography cases that an assessment of points under these two risk factors may result in an overassessment of an offender's risk level classification, it nevertheless remains within the discretion of County Court to impose points based upon these factors where the evidence permits, and any potential for overestimation of the risk of sexual recidivism may be addressed via the discretionary downward departure process" (People v Glowinski, 208 AD3d 1392, 1393 [3d Dept 2022] [internal quotation marks and citations omitted]). In seeking a downward departure, it is a defendant's burden to "(1) identify[ ], as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establish[ ] the facts in support of its existence by a preponderance of the evidence" (People v Roubik, 231 AD3d 1210, 1212 [3d Dept 2024] [internal quotation marks and citations omitted]). Upon such a showing, "the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Jones, 226 AD3d 1265, 1267 [3d Dept 2024] [internal quotation marks and citations omitted], lv denied 42 NY3d 907 [2024]; see People v Hyman, 228 AD3d 1080, 1081 [3d Dept 2024]).
Despite defendant's conviction for a no-contact offense, the record reveals that defendant had more than 780 images of child pornography in his possession — including graphic and violent sexual images of very young children and infants. Moreover, the underlying federal investigation stemmed from evidence that defendant had repeatedly solicited an adult [*3]to provide him with access to a five-year-old child for sexual contact. In view of the foregoing, and given the evidence of defendant's willingness to act on his compulsions, we find no abuse of discretion in County Court's determination that the alleged mitigating factors did not warrant a downward departure (see People v Benton, 185 AD3d at 1106; People v Havlen, 167 AD3d 1579, 1579 [4th Dept 2018]; see also People v Adam, 126 AD3d 1169, 1170-1171 [3d Dept 2015], lv denied 25 NY3d 911 [2015]). Contrary to defendant's assertion that the addition of 15 points under risk factor 9 (number and nature of prior crimes) for his prior burglary conviction also inaccurately assessed his risk to the community, we agree with County Court that the remoteness of that nearly 40-year-old conviction was already taken into account under risk factor 10 (recency of prior felony) (see People v Gulifield, 174 AD3d 751, 752 [2d Dept 2019], lv denied 34 NY3d 910 [2020]; People v Scone, 145 AD3d 1327, 1328 [3d Dept 2016]). Defendant's remaining contentions are without merit.
Pritzker, Ceresia, Powers and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.